UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

JUSTIN ATTAWAY, SAM FUENTES     )
MARTIN FUENTES, WILLIAM RIVERA,   )
And TEDDY MARRERO, on behalf of     )
themselves and all other person similarly  )
situated, known and unknown,       )
                                )
       *Plaintiffs*          )
         v.            )     Civil Action No. 3:11-cv-00803
                                )
BAY INDUSTRIAL SAFETY SERVICES, INC., )
SHAW ENERGY & CHEMICALS, INC.,    )
JENNIE RICH, and WILLIAM GLENN PARKER, )
                                )
       *Defendants*       )

## DEFENDANT SHAW ENERGY & CHEMICALS, INC.'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW the Defendant Shaw Energy & Chemicals, Inc. ("Shaw"), by counsel, and in answer to the First Amended Complaint ("Complaint") filed by Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, and Teddy Marrero ("Plaintiffs"), responds as follows. Defendant notes that for the Court's convenience, each of the allegations in the Complaint are set forth verbatim, with Defendant's responses immediately following each allegation.

**NATURE OF PLAINTIFFS' CLAIMS**

1.     Plaintiffs' claims against Defendants arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay them and other non-exempt hourly employees overtime wages.

**ANSWER:**  Shaw admits that Plaintiffs allege violations of the Fair Labor Standards Act but denies it violated the cited statute or any other law or statute.

2.      Plaintiffs and persons similarly situated to them (the "Marathon Employees") are current and former hourly paid employees working for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that the listed individual Plaintiffs worked for some period for Bay Industrial Safety Services at the Marathon facility in Robinson, Illinois.  Shaw denies the listed individuals are current and former employees of Shaw.  Shaw is without knowledge and information sufficient to admit the identity or employment status of unnamed "persons similarly situated to [plaintiffs]."

3.      In one or more individual work weeks during the prior three (3) years, Defendants paid Plaintiffs on an hourly basis, and paid them no overtime wages for the time they worked in excess of forty (40) hours.

**ANSWER:**  Shaw denies it made any payments to Plaintiffs.  Shaw is without knowledge or information sufficient to admit or deny any allegation about any act or omission by Bay or any other unrelated entity in any unidentified work weeks since 2009.

4.      Instead, Defendants paid Plaintiffs their regular, straight-time hourly rate of pay for hours worked in excess of forty (40) hours.  See Exhibit A, Pay Stub for Plaintiff Sam Fuentes showing nonpayment of overtime wages.

**ANSWER:**  Shaw denies it made any payments to Plaintiffs.  Shaw is without knowledge or information sufficient to admit or deny any allegation about any act or omission by Bay or any other unrelated entity.

5.      Defendants paid other Marathon Employees on an hourly basis and, in one or more work weeks in the prior three years, paid them no overtime wages for the time they worked in excess of forty (40) hours.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the identities of other, unnamed "Marathon employees" or other individuals working at the Marathon site, and thus is unable to admit or deny whether such unnamed individuals were paid on an hourly basis, how many hours unnamed individuals worked, or what amounts were paid to such unnamed individuals in unidentified work weeks during the past three (3) years.  Shaw denies it made payments to any employees of subcontractors at the Marathon site.

6.     Defendants failed to comply with the overtime provisions of the FLSA, 29 U.S.C. § 207.

**ANSWER:**  The allegations in Complaint Paragraph 6 is a mere conclusion of law to which no response is required or appropriate.  To the extent a response is required, Shaw denies the allegations in Complaint Paragraph 6 as to any legal obligations Shaw had to pay any employee under the referenced statute.

7.     Plaintiffs bring their FLSA claim as a collective action.  Plaintiffs' FLSA consent forms have been previously filed with the Court, Dkt. No. 1.[1]

**ANSWER:**  Shaw admits only that Plaintiffs have pled their claim as a purported collective action.  Shaw is without knowledge or information sufficient to admit or deny when Plaintiffs' FLSA consent forms were filed.  Shaw admits only that attached to Docket Entry 1 are consent forms of Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, and Teddy Marrero.

**THE PARTIES**

8.     Plaintiff Justin Attaway resides in and is domiciled in Robinson, Illinois.

---

[1]     Underlining in the numbered paragraphs appears in the Amended Complaint filed by Plaintiffs.

3

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the residence or domicile of Justin Attaway at the current time or any relevant time.

9.      Within the last three years, Plaintiff Attaway worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that Justin Attaway was employed by Bay and worked at the Marathon site for some period.  Shaw denies Justin Attaway was employed by Shaw.

10.     Plaintiff Sam Fuentes resides in and is domiciled in McLeansboro, Illinois.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the residence or domicile of Sam Fuentes at the current time or any relevant time.

11.     Within the last three years, Plaintiff Sam Fuentes worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that Sam Fuentes was employed by Bay and worked at the Marathon site for some period.  Shaw denies Sam Fuentes was employed by Shaw.

12.     Plaintiff Martin Fuentes resides in and is domiciled in Lubbock, Texas.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the residence or domicile of Martin Fuentes at the current time or any relevant time.

13.     Within the last three years, Plaintiff Martin Fuentes worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that Martin Fuentes was employed by Bay and worked at the Marathon site for some period.  Shaw denies Martin Fuentes was employed by Shaw.

14.     Plaintiff William Rivera resides in and is domiciled in Webster, Texas.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the residence or domicile of William Rivera at the current time or any relevant time.

4

15.     Within the last three years, Plaintiff William Rivera worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that William Rivera was employed by Bay and worked at the Marathon site for some period.  Shaw denies William Rivera was employed by Shaw.

16.     Plaintiff Teddy Marrero resides in and is domiciled in Puerto Rico.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the residence or domicile of Teddy Marrero at the current time or any relevant time.

17.     Within the last three years, Plaintiff Teddy Marrero worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

**ANSWER:**  Shaw admits only that Teddy Marrero was employed by Bay and worked at the Marathon site for some period.  Shaw denies Teddy Marrero was employed by Shaw.

18.     At all times relevant hereto, Plaintiffs were Defendants' "employee(s)," as that term is defined by the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**  The allegation in Complaint Paragraph 18 are mere conclusions of law to which no response is required or appropriate.  To the extent a response is required Shaw denies the allegations in Complaint Paragraph 18 and specifically denies Plaintiffs were Shaw employees.

19.     During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

**ANSWER:**  The allegations in Complaint Paragraph 19 are not factual allegations but are mere conclusions of law.  To the extent a response is required to these conclusions of law, Shaw denies the allegations in Complaint Paragraph 19 and states Plaintiffs were exempt from the overtime wage provisions of the FLSA.

20.     In the course of their employment by Defendants, Plaintiffs were engaged in interstate commerce.

**ANSWER:**  The allegation in Complaint Paragraph 20 is a conclusion of law to which no response is required or appropriate.  To the extent a response is required Shaw denies the allegations in Complaint Paragraph 20 to the extent it assumes by the included phrase "in the course of their employment" Plaintiffs were employed by Shaw, which Shaw denies.

21.     Defendant Bay Industrial Safety Services ("Bay") is an Illinois corporation.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny this allegation in Complaint Paragraph 21 which is solely directed at co-Defendant Bay and thus can be answered only by Bay.

22.     Defendant Bay's principal place of business is located in Robinson, Illinois, within this judicial district.

**ANSWER:**  Shaw is without knowledge or information to admit or deny the allegations in Complaint Paragraph 22 which is solely directed at co-Defendant Bay and thus can be answered only by Bay.

23.     Defendant <u>Bay</u> was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**  Shaw is without knowledge or information to admit or deny the allegations in Complaint Paragraph 23 which is solely directed at co-Defendant Bay and thus can be answered only by Bay.

24.     Defendant Bay is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).

**ANSWER:**  Shaw is without knowledge or information to admit or deny the allegations in Complaint Paragraph 24 which is solely directed at co-Defendant Bay and thus can be answered only by Bay.

25.    Defendant Bay's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**ANSWER:**  Shaw is without knowledge or information to admit or deny the allegations in Complaint Paragraph 25 which is solely directed at co-Defendant Bay and thus can be answered only by Bay.

26.    <u>Defendant Shaw is an Illinois corporation and is a subsidiary of The Shaw Group, Inc.  Defendant Shaw's principal place of business is in Baton Rouge, Louisiana.  Plaintiffs performed work for Defendant Shaw at the Marathon Refinery in Robinsonville, Illinois, within this judicial district.</u>

**ANSWER:**  Shaw denies it is an Illinois corporation.  Shaw admits it is a "subsidiary" of the Shaw Group, Inc.  Shaw admits its principal place of business is in Baton Rouge, Louisiana. Shaw admits only that Plaintiffs performed work at a Marathon Refinery in Illinois pursuant to a staffing agreement entered into by Bay and Shaw which agreement provided for Bay to pay its employees overtime rates.  Shaw denies the remaining allegations in Complaint Paragraph 26.

27.    <u>Defendant Shaw was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. § 203(d).</u>

**ANSWER:**  The allegations in Complaint Paragraph 27 are mere conclusions of law to which no response is required or appropriate.  To the extent a response is required, Shaw denies the allegations in Complaint Paragraph 27.

28.     Defendant Shaw is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. § 203(s)(1).203(s)(1).

**ANSWER:**  The allegations in Complaint Paragraph 28 are not factual allegations but are mere conclusions of law.  To the extent a response is required to these conclusions of law, Shaw admits the allegations in Complaint Paragraph 28.

29.     Defendant Shaw's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

**ANSWER:**  Shaw admits the allegations in Complaint Paragraph 29.

30.     Defendant William Glenn Parker is the president of Bay.  Defendant William Glenn Parker is involved in the day-to-day business operations of Defendant Bay.  Among other things, Defendant William Glenn Parker has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the allegations in Complaint Paragraph 30 which are directed solely at co-Defendant Bay about Bay's executives and which can be answered only by Bay.

31.     Defendant Jennie Rich is the office manager of Bay.  Defendant Jennie Rich is involved in the day-to-day business operations of Defendant Bay.  Among other things, Defendant Jennie Rich has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll

accounts, and participate in decisions regarding employee compensation and capital expenditures.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny the allegations in Complaint Paragraph 30 which are directed solely at co-Defendant Bay about Bay's managers and which can be answered only by Bay.

**BACKGROUND FACTS**

32.   Defendant Bay contracts with Defendant Shaw to provide Shaw with laborers to work at the Marathon Oil Refinery in Robinsonville, Illinois.

**ANSWER:**  Shaw admits only that it entered into agreements with Bay for Bay to provide individuals "to perform the work requested."  Shaw denies it contracted for any laborers to work in Robinsonville, Illinois.

33.   Plaintiffs, and other similarly situated persons, were employed by Defendant Bay to work regularly and exclusively for Defendant Shaw at the Marathon Oil Refinery site.

**ANSWER:**  Shaw admits only that Plaintiffs were employed by Bay.  She is without knowledge or information sufficient to admit or deny whether such workers were employed by Bay for "work regularly and exclusively for Defendant Shaw at the Marathon Oil Refinery site," and denies the remaining allegations of Complaint Paragraph 33.

34.   Defendants Bay and Shaw acted directly and/or indirectly in the interest of one another in employing Plaintiffs and other similarly situated employees.

**ANSWER:**  The allegations in Complaint Paragraph 34 are mere conclusions of law to which a response is not appropriate or required.  Shaw is without knowledge or information sufficient to admit or deny the identity or status of unnamed "similarly situated employees."  To the extent a response is required, Shaw is without knowledge or information to admit or deny

whether Defendants acted "in the interest of one another in employing Plaintiffs and other similarly situated employees" because that term is vague, ambiguous, and not sufficiently defined to be susceptible to admission or denial.

35.     <u>Defendant Shaw's supervisors and managers were present when Plaintiffs were working at the Marathon Oil Refinery.</u>

**ANSWER:**  Shaw admits only that it assigned certain Shaw supervisors and managers to work at the Marathon Oil Refinery during some period within the past three (3) years.

36.     <u>Defendant Shaw's supervisors and managers directed, supervised, instructed, and corrected the work of Plaintiffs during the workday at the Marathon Oil Refinery.</u>

**ANSWER:**  Shaw admits only that its managers supervised and had knowledge of the activities of Bay employees.

37.     <u>Plaintiffs and other similarly situated employees worked side-by-side with other individuals who were employed directly by Defendant Shaw at the Marathon Oil Refinery.</u>

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny whether unnamed and unidentified "other similarly situated" individuals worked side by side with any other unnamed and unidentified individuals who were "employed directly by Shaw." Shaw admits only that it employed individuals to work at the Marathon Oil Refinery.

38.     <u>Defendant Shaw exercised control over Plaintiffs' and other similarly-situated employees' terms of employment such that Defendants Shaw and Bay shared or co-determined matters governing the essential terms and conditions of Plaintiffs' and other similarly-situated employees' employment.</u>

**ANSWER:**  The allegations in Complaint Paragraph 38 are mere conclusions of law to which no response is required or appropriate.  Shaw is without knowledge or information

sufficient to admit or deny any aspect of employment for unnamed unidentified "similarly situated individuals," or the vague, ambiguous action of having "shared or co-determined matters governing the essential terms and conditions of . . . employees' employment."  Shaw is without knowledge or information sufficient to admit or deny whether it co-determined unidentified "terms of employment."

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint.

39.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

**ANSWER:**  Shaw admits Plaintiffs allege FLSA violations but denies it violated the FLSA or any other statute.

40.     Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

**ANSWER:**  The allegations in Complaint Paragraph 40 are not factual allegations but are mere conclusions of law.  To the extent a response is required to these conclusions of law, Shaw denies the allegations in Complaint Paragraph 40 and states Plaintiffs were exempt from the overtime provisions of the FLSA.

41.     Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

**ANSWER:**  Shaw admits only that Shaw's approval was required for any employee to work more than 50 hours per week.  Shaw denies the remaining allegations in Complaint Paragraph 41.

42.     Other Marathon Employees were directed by Defendants to work, and worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny whether it directed unnamed, unidentified "other Marathon employees" to work any schedule during unidentified work weeks since December 21, 2008 and thus denies the allegations in Complaint Paragraph 42.  Shaw admits only that it was responsible to manage a number of subcontractors on Marathon's behalf.

43.     During the last three (3) years, Plaintiffs were paid by Defendants on an hourly basis.

**ANSWER:**  Shaw denies it paid Plaintiffs any wages on an hourly basis or otherwise.

44.     During the last three (3) years, other Marathon Employees were paid by Defendants on an hourly basis.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny how or what unnamed, unidentified "other Marathon Employees" were paid since December 21, 2008.

45.     In one or more individual work weeks in the last three (3) years, Defendants paid Plaintiffs their regular, straight-time hourly rate of pay for time they worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**  Shaw denies it paid Plaintiffs any wages.

46.     In one or more individual work weeks in the last three (3) years, Defendants paid other Marathon Employees their regular, straight-time hourly rate of pay for time they worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny who unnamed, unidentified "other Marathon Employees" are or what they were paid in unidentified work weeks since December 21, 2008.  Shaw denies it paid any wages except to its own employees.

47.     Defendants did not pay Plaintiffs all of the overtime wages they earned in the last three (3) years.

**ANSWER:**  Shaw denies it failed to pay any wages that Shaw legally was responsible or obligated to pay and denies it paid any wages to Plaintiffs.

48.     Defendants did not pay other Marathon Employees all of the overtime wages they earned in the last three (3) years.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny who unnamed, unidentified "other Marathon Employees" are or what they were paid since December 21, 2008.

49.     Defendants' failure to pay Plaintiffs overtime wages at a rate of one and half times their regular rate of pay for time they worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

**ANSWER:**  The allegations in Complaint Paragraph 49 are mere conclusions of law to which no response is required or appropriate.  Shaw denies it failed to pay any wages it legally was responsible or obligated to pay.

50.     Defendants' failure to pay other Marathon Employees overtime wages at a rate of one and half times their regular rate of pay for all time worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

**ANSWER:**  Shaw is without knowledge or information sufficient to admit or deny who unnamed, unidentified "other Marathon Employees" are or what they were paid since December 21, 2008.  Regardless, the allegations in Complaint Paragraph 50 are mere conclusions of law to which no response is required or appropriate.

51.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs and other Marathon Employees overtime wages for all time they worked in excess of forty (40) hours per week.

**ANSWER:**  Shaw denies the allegations in Complaint Paragraph 51.

52.     Plaintiffs and other similarly-situated persons are entitled to recover unpaid overtime wages for up to three years prior to the filing of this suit.

     A.     A judgment in the amount of one and one-half times Plaintiffs' regular rate of pay for all time Plaintiffs worked in excess of forty (40) hours per week;

     B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

     C.     Reasonable attorneys' fees and costs incurred in filing this action; and

     D.     Such other and further relief as this Court deems appropriate and just.

**ANSWER:**  Complaint Paragraph 52 is a prayer for relief to which no response is required or appropriate.  To the extent a response is required, Shaw denies it has any liability to any Plaintiff for any of the categories of damages listed in Complaint Paragraph 52.

Except as specifically admitted, Defendant, Shaw Energy & Chemicals, Inc., denies each and every allegation in Plaintiffs' First Amended Complaint.  Defendant reserves the right to amend this Answer based on further investigation and discovery.

## ADDITIONAL DEFENSES

Subject to a reasonable opportunity for further investigation and discovery, and reserving the right to amend this Answer and to assert additional defenses based on further investigation and discovery, Defendant alleges the following additional defenses.

## FIRST DEFENSE

The Complaint must be dismissed for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs are precluded from pursuing any claims that are not alleged in his Complaint in this proceeding.

## THIRD DEFENSE

Plaintiffs' claims are barred to the extent they failed to exhaust administrative remedies and satisfy conditions precedent before filing the lawsuit.

## FOURTH DEFENSE

At no time did Shaw willfully or intentionally violated any statute.

## FIFTH DEFENSE

At all times, Shaw acted in good faith towards Plaintiffs and without any intent to deprive Plaintiffs of any right or benefit.

## SIXTH DEFENSE

Plaintiffs are not entitled to recover more than the damages allowed by the relevant

statutes.

## **SEVENTH DEFENSE**

Plaintiffs have pled and filed this action in bad faith and with unclean hands and, therefore, should be barred from any recovery in this action.

## **EIGHTH DEFENSE**

Plaintiffs are employees exempt from the overtime provisions of the FLSA.

## **NINTH DEFENSE**

Plaintiffs' claims against Shaw are frivolous, unreasonable, and groundless. Accordingly, Shaw is entitled to an award of attorney's fees and costs associated with the defense of this action.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendant prays for relief as follows:

a.      That Plaintiffs' First Amended Complaint be dismissed with prejudice;

b.      That Plaintiffs take nothing by their First Amended Complaint;

c.      That Shaw be awarded its reasonable costs and attorney's fees in defending this matter; and

d.      For such other and further relief as this Court deems proper.

Respectfully submitted,

Ogletree Deakins Nash Smoak & Stewart, P.C.

By:＿＿＿s/ Jan Michelsen＿＿＿＿＿＿＿＿＿
　　　　　Jan Michelsen, IN Bar No. 18078-49
　　　　　111 Monument Circle, Suite 4600
　　　　　Indianapolis, Indiana  46204
　　　　　Telephone:  317.916.1300
　　　　　Facsimile:  317.916.9076
　　　　　*jan.michelsen@ogletreedeakins.com*

Attorneys for Defendant
Shaw Energy & Chemicals, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendant Shaw Energy & Chemicals, Inc.'s Amended Answer to First Amended Complaint* has been filed electronically, this 11th day of June, 2012.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Douglas M. Werman | Robert Doyle Wilson |
| Werman Law Office, P.C. | Law Offices of Robert D. Wilson, PC |
| 77 West Washington | 18111 Preston Road |
| Suite 1402 | Suite 150 |
| Chicago, Illinois  60602 | Dallas, Texas  75252 |
| dwerman@flsalaw.com | rwilson@wilsonlawtexas.com |

　　　　　s/ Jan Michelsen＿＿＿＿＿＿＿＿＿＿
　　　　　Jan Michelsen

12547525.1 (OGLETREE)

17