IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE, ~~on behalf of themselves and all other persons similarly situated, known and unknown,~~<br><br>Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ~~SECOND~~ THIRD AMENDED COMPLAINT

Plaintiffs Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, Teddy Marrero, and Victor E. Alonso Aguirre, ~~on behalf of themselves and all other persons similarly situated, known and unknown,~~ through their attorneys and for their ~~Second~~ Third Amended Complaint against Defendants Bay Industrial Safety Services, Inc. ("Bay"), Shaw Energy & Chemicals, Inc. ("Shaw"), Jennie Rich, in her individual capacity, and William Glenn Parker, in his individual capacity, (collectively, "Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. Plaintiffs' claims against Defendants arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS § 105/1 *et seq.*, for Defendants' failure to pay them ~~and other non-exempt hourly employees~~ overtime wages.

2. ~~Plaintiffs and persons similarly situated to them (the "Marathon Employees")~~ <ins>Plaintiffs</ins> are current and former hourly paid employees working for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

3. In one or more individual work weeks during the prior three (3) years, Defendants paid Plaintiffs on an hourly basis, and paid them no overtime wages for the time they worked in excess of forty (40) hours.

4. Instead, Defendants paid Plaintiffs their regular, straight-time hourly rate of pay for hours worked in excess of forty (40) hours. See Exhibit A, Pay Stub for Plaintiff Sam Fuentes showing nonpayment of overtime wages.

5. ~~Defendants paid other Marathon Employees on an hourly basis and, in one or more work weeks in the prior three years, paid them no overtime wages for the time they worked in excess of forty (40) hours.~~

~~6.~~<ins>5.</ins> Defendants failed to comply with the overtime provisions of the FLSA, 29 U.S.C. §207~~.~~<ins>, and the IMWL, 820 ILCS § 105/4a.</ins>

7. ~~Plaintiffs bring their FLSA claim as a collective action. Plaintiffs' FLSA consent forms have been previously filed with the Court. Dkt. No. 1, Dkt. No. 3.~~

**THE PARTIES**

~~8.~~<ins>6.</ins> Plaintiff Justin Attaway resides in and is domiciled in Robinson, Illinois.

~~9.~~<ins>7.</ins> Within the last three years, Plaintiff Attaway worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~10.~~<ins>8.</ins> Plaintiff Sam Fuentes resides in and is domiciled in McLeansboro, Illinois.

~~11.~~<ins>9.</ins> Within the last three years, Plaintiff Sam Fuentes worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~12.~~10.  Plaintiff Martin Fuentes resides in and is domiciled in Lubbock, Texas.

~~13.~~11.  Within the last three years, Plaintiff Martin Fuentes worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~14.~~12.  Plaintiff William Rivera resides in and is domiciled in Webster, Texas.

~~15.~~13.  Within the last three years, Plaintiff William Rivera worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~16.~~14.  Plaintiff Teddy Marrero resides in and is domiciled in Puerto Rico.

~~17.~~15.  Within the last three years, Plaintiff Teddy Marrero worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~18.~~16.  Plaintiff Victor E. Alonso Aguirre resides in and is domiciled in Brownsville, Texas.

~~19.~~17.  Within the last three years, Plaintiff Victor E. Alonso Aguirre worked for Defendants at the Marathon Oil Refinery in Robinson, Illinois.

~~20.~~18.  At all times relevant hereto, Plaintiffs were Defendants' "employee(s)," as that term is defined by the FLSA, 29 U.S.C. §203(d~~)~~.~~~~) and the IMWL, 820 ILCS § 105/3.

~~21.~~19.  During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207 or the IMWL, 820 ILCS § 105/4a.

~~22.~~20.  In the course of their employment by Defendants, Plaintiffs were engaged in interstate commerce.

~~23.~~21.  Defendant Bay Industrial Safety Services ("Bay") is an Illinois corporation.

~~24.~~22.  Defendant Bay's principal place of business is located in Robinson, Illinois, within this judicial district.

25.23.  Defendant Bay was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS § 105/3(c).

26.24.  Defendant Bay is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

27.25.  Defendant Bay's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

28.26.  Defendant Shaw is an Illinois a Louisiana corporation and is a subsidiary of The Shaw Group, Inc. Defendant Shaw's principal place of business is in Baton Rouge, Louisiana. Plaintiffs performed work for Defendant Shaw at the Marathon Refinery in Robinsonville, Illinois, within this judicial district.

29.27.  Defendant Shaw was Plaintiffs' "employer" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS § 105/3(c).

30.28.  Defendant Shaw is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

31.29.  Defendant Shaw's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

32.30.  Defendant William Glenn Parker is the president of Bay.  Defendant William Glenn Parker is involved in the day-to-day business operations of Defendant Bay.  Among other things, Defendant William Glenn Parker has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking

4

accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

33.31.  Defendant Jennie Rich is the office manager of Bay.  Defendant Jennie Rich is involved in the day-to-day business operations of Defendant Bay.  Among other things, Defendant Jennie Rich has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

**BACKGROUND FACTS**

34.32.  Defendant Bay contracts with Defendant Shaw to provide Shaw with laborers to work at the Marathon Oil Refinery in Robinsonville, Illinois.

35.33.  Plaintiffs, and other similarly situated persons, were employed by Defendant Bay to work regularly and exclusively for Defendant Shaw at the Marathon Oil Refinery site.

36.34.  Defendants Bay and Shaw acted directly and/or indirectly in the interest of one another in employing Plaintiffs and other similarly situated employees.

37.35.  Defendant Shaw's supervisors and managers were present when Plaintiffs were working at the Marathon Oil Refinery.

38.36.  Defendant Shaw's supervisors and managers directed, supervised, instructed, and corrected the work of Plaintiffs during the workday at the Marathon Oil Refinery.

39.37.  Plaintiffs and other similarly situated employees worked side-by-side with other individuals who were employed directly by Defendant Shaw at the Marathon Oil Refinery.

40.38.  Defendant Shaw exercised control over Plaintiffs' and other similarly-situated employees' terms of employment such that Defendants Shaw and Bay shared or co-determined

5

matters governing the essential terms and conditions of Plaintiffs' ~~and other similarly-situated employees'~~ employment.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### ~~(Collective Action)~~

Plaintiff~~s~~ hereby ~~realleges~~ reallege and ~~incorporates~~ incorporate paragraphs 1 through ~~38~~ 40 of this Complaint.

~~41.~~ 39.  This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for ~~its~~ their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

~~42.~~ 40.  Plaintiffs were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

~~43.~~ 41.  Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

~~44.    Other Marathon Employees were directed by Defendants to work, and worked, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.~~

~~45.~~ 42.  During the last three (3) years, Plaintiffs were paid ~~by~~ for their work for Defendants on an hourly basis.

~~46.    During the last three (3) years, other Marathon Employees were paid by Defendants on an hourly basis.~~

~~47.~~ 43.  In one or more individual work weeks in the last three (3) years, Defendants paid Plaintiffs their regular, straight-time hourly rate of pay for time they worked in excess of forty (40) hours in individual work weeks.

~~48.    In one or more individual work weeks in the last three (3) years, Defendants paid~~

6

~~other Marathon Employees their regular, straight-time hourly rate of pay for time they worked in excess of forty (40) hours in individual work weeks.~~

~~49.~~44.  Defendants did not pay Plaintiffs all of the overtime wages they earned in the last three (3) years.

~~50. Defendants did not pay other Marathon Employees all of the overtime wages they earned in the last three (3) years.~~

~~51.~~45.  Defendants' failure to pay Plaintiffs overtime wages at a rate of one and half times their regular rate of pay for time they worked in excess of forty (40) <ins>hours</ins> in individual work weeks violated § 207 of the FLSA.

~~52. Defendants' failure to pay other Marathon Employees overtime wages at a rate of one and half times their regular rate of pay for all time worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.~~

~~53.~~46.  Defendants willfully violated the FLSA by refusing to pay Plaintiffs ~~and other Marathon Employees~~ overtime wages for all time they worked in excess of forty (40) hours per week.

~~54.~~47.  Plaintiffs ~~and other similarly-situated persons~~ are entitled to recover unpaid overtime wages for up to three years prior to the filing of this suit.

<ins>WHEREFORE, Plaintiffs and other similarly situated employees pray for a judgment against Defendants, as follows:</ins>

        A.    A judgment in the amount of one and one-half times Plaintiffs' regular rate of pay for all time Plaintiffs worked in excess of forty (40) hours per week;

        B.    Liquidated damages in an amount equal to the amount of unpaid overtime

compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiffs hereby reallege and incorporate paragraphs 1 through 47 of this Complaint.

48. This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay for time worked in excess of forty (40) hours during one or more individual workweeks.

49. Plaintiffs were not exempt from the overtime provisions of the IMWL, 820 ILCS § 105/4a.

50. Plaintiffs were directed by Defendants to work, and worked, in excess of forty (40) hours in one or more individual workweeks during the last three (3) years.

51. During the last three (3) years, Plaintiffs were paid by Defendants on an hourly basis.

52. In one or more individual workweeks in the last three (3) years, Defendants paid Plaintiffs their regular, straight-time hourly rate of pay for time they worked in excess of forty (40) hours in individual workweeks.

53. Defendants did not pay Plaintiffs all of the overtime wages they earned in the last three (3) years.

54. Defendants' failure to pay Plaintiffs overtime wages at a rate of one and one half times their regular rate of pay for time they worked in excess of forty (40) in individual

workweeks violated § 105/4a of the IMWL.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered loss of income and other damages.  Plaintiffs are entitled to liquidated damages and attorneys' fees and costs associated with this claim pursuant to 820 ILCS 105/12(a).

WHEREFORE, Plaintiffs and other similarly situated employees pray for a judgment against Defendants, as follows:

    A.    Judgment that Plaintiffs are non-exempt employees entitled to protection under the IMWL;

    B.    Judgment that Defendants violated the overtime provisions of the IMWL;

    C.    An award against Defendants for an amount equal to Plaintiffs' unpaid wages at the applicable overtime rates;

    D.    Prejudgment interest on the owed overtime wages in accordance with 815 ILCS § 205/2;

    E.    Punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

    F.    An award of all costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois law; and

    G.    Such further relief, in law or equity, that the Court deems appropriate and just.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all counts.

Dated: November 19, 2012

                                              Respectfully submitted,

                                              <u>s/Douglas M. Werman</u>
                                              One of the Attorneys for Plaintiffs

Douglas M. Werman (dwerman@flsalaw.com)
Werman Law Office, P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008

Attorney for Plaintiffs

# EXHIBIT A

Bay Industrial Safety Services, Inc.
P.O. Box 178
Robinson, IL 62454

5/27/2011

*********************

ADVICE OF DEPOSIT - NON-NEGOTIABLE

*********************************************************************************************************

Sam Fuentes

NON-NEGOTIABLE

Pay Period: 05/16/2011 - 05/22/2011 Direct Deposit

| Employee | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|
| Sam Fuentes | | | | | Married/Withhold | Fed-3/0/IL-3/0 |
| | | | | Pay Period: 05/16/2011 - 05/22/2011 | | Pay Date: 05/27/2011 |

| Earnings and Hours | Qty | Rate | Current | YTD Amount | Memo |
|---|---|---|---|---|---|
| Hourly | 70:00 | 47.30 | 3,311.00 | 60,496.70 | |
| Bonus | | | 0.00 | 1,000.00 | |
| | | | 3,311.00 | 61,496.70 | Direct Deposit |

| Taxes | Current | YTD Amount |
|---|---|---|
| Federal Withholding | -595.00 | -10,667.00 |
| Social Security Employee | -139.06 | -2,582.86 |
| Medicare Employee | -48.01 | -891.70 |
| IL - Withholding | -159.78 | -2,808.81 |
| | -841.85 | -16,950.37 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Per Diem | 800.00 | 16,800.00 |
| Misc Deduction | -1.50 | -31.50 |
| Miscellaneous Reimbursement | 0.00 | 250.00 |
| | 798.50 | 17,018.50 |

Net Pay 3,167.65 61,564.83

| | Amount |
|---|---|
| Direct Deposit | |
| Checking - ***3222 | 3,167.65 |