**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **JUSTIN ATTAWAY, SAM FUENTES,** | § | |
| **MARTIN FUENTES, WILLIAM RIVERA,** | § | |
| **TEDDY MARRERO AND VICTOR ALONSO** | § | |
| **AGUIRRE,** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiffs,** | § | **3:11-cv-00803** |
| | § | |
| **vs.** | § | |
| | § | |
| **BAY SAFETY SERVICES, INC, SHAW ENERGY** | § | |
| **& CHEMICALS, INC., JENNIE RICH and** | § | |
| **WILLIAM GLENN PARKER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BAY INDUSTRIAL SAFETY SERVICES, INC., JENNIE RICH and**
**GLENN PARKER'S "AMENDED" ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW **BAY INDUSTRIAL** SAFETY SERVICES, INC., JENNIE **RICH** and

WILLIAM GLENN **PARKER**. ("Bay Industrial, Rich and Parker"), by counsel, and files its

"Amended" Answer to the Third Amended  Complaint filed by Plaintiffs, as follows:

1.       Paragraph 1 of the Complaint states a legal argument or conclusion of law, to which

Bay Industrial, Rich and Parker neither admits nor denies.

2.       Bay Industrial, Rich and Parker admits the allegations of Paragraph 2 of the

Complaint.

3.       Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit

or deny the allegations of Paragraph 3 of the Complaint.

4.       Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit

or deny the allegations of Paragraph 4 of the Complaint.

5.       Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit

or deny the allegations of Paragraph 5 of the Complaint.

6.      Bay Industrial, Rich and Parker admits the allegations of Paragraph 6 of the Complaint.

7.      Bay Industrial, Rich and Parker admits the allegations of Paragraph 7 of the Complaint.

8.      Bay Industrial, Rich and Parker admits the allegations of Paragraph 8 of the Complaint.

9.      Bay Industrial, Rich and Parker admits the allegations of Paragraph 9 of the Complaint.

10.     Bay Industrial, Rich and Parker denies the allegations in Paragraph 10 of the Complaint;  Plaintiff Martin Fuentes purchased his home in 2260 W. Curry Drive  Terre Haute, Indiana and noted same on his Form W-4 on 01/01/11.

11.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 11 of the Complaint.

12.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 12 of the Complaint.

13.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 13 of the Complaint.

14.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 14 of the Complaint.

15.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 15 of the Complaint.

16.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 16 of the Complaint.

17.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint states a legal argument or conclusion of law, to which Bay Industrial, Rich and Parker neither admits nor denies.

19.     Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 19 of the Complaint.  Additionally, Paragraph 19 of the Complaint states a legal argument or conclusion of law, to which Bay Industrial, Rich and Parker neither admits nor denies.

20.      Paragraph 20 of the Complaint does not require a response.

21.     Bay Industrial admits the allegations of Paragraph 21 of the Complaint.

22.     Bay Industrial admits the allegations of Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint states a legal argument or conclusion of law, to which Bay Industrial, Rich and Parker neither admits nor denies.

24.     Paragraph 24 of the Complaint states a legal argument or conclusion of law, to which Bay Industrial, Rich and Parker neither admits nor denies.

25.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 25 of the Complaint.

26.     Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 26 of the Complaint.

27.     Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 27 of the Complaint.

28.     Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 28 of the Complaint.

29.     Bay Industrial, Rich and Parker lacks information or knowledge sufficient to admit or deny the allegations of Paragraph 29 of the Complaint.

30.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 30 of the Complaint.

31.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 31 of the Complaint.

32.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 32 of the Complaint.

33.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 33 of the Complaint.

34.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 34 of the Complaint.

35.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 35 of the Complaint.

36.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 36 of the Complaint.

37.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 37 of the Complaint.

38.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 38 of the Complaint.

39.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 39 of the Complaint.

40.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 40 of the Complaint.

41.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 41 of the Complaint.

42.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 42 of the Complaint.

43.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 43 of the Complaint.

44.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 44 of the Complaint.

45.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 45 of the Complaint.

46.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 46 of the Complaint.

47.     Paragraph 47 and its subparagraphs seeks damages against Bay Industrial, Rich and Parker, liquidated, exemplary or otherwise;  Bay Industrial, Rich and Parker denies that it is liable for such damages.  Additionally, Bay Industrial, Rich and Parker denies that the Plaintiffs are entitled to the relief requested in Paragraph 47 and its subparagraphs of the  Third Amended Complaint from Bay Industrial, Rich and Parker.

48.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 48 of the Complaint.

49.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 49 of the Complaint.

50.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 50 of the Complaint.

51.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 51 of the Complaint.

52.     Bay Industrial, Rich and Parker admits the allegations of Paragraph 52 of the Complaint.

53.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 53 of the Complaint.

54.     Bay Industrial, Rich and Parker denies the allegations of Paragraph 54 of the Complaint.

55.     Paragraph 55 and its subparagraphs seeks damages against Bay Industrial, Rich and Parker, liquidated, exemplary or otherwise;  Bay Industrial, Rich and Parker denies that it is liable for such damages.  Additionally, Bay Industrial, Rich and Parker denies that the Plaintiffs are entitled to the relief requested in Paragraph 55 and its subparagraphs of the  Third Amended Complaint from Bay Industrial, Rich and Parker.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted because the wage contracts and the agreements of the parties on which the Complaint is based contain agreed terms and method of payments that Plaintiffs(and Defendants) honored for almost three years.

2.     Bay Industrial, Rich and Parker are entitled to an offset because Plaintiffs have been paid for at least part of the amounts claimed in the Complaint.

3.     Bay Industrial, Rich and Parker reserves the right to assert additional defenses of which it becomes aware in discovery, including but limited to:  laches, classified exempt status under the FLSA and the IMWL, failure of performance, defective performance, estoppel, and any defenses asserted by or on behalf of the other defendants.

Respectfully submitted,
**LAW OFFICES OF ROBERT D. WILSON, P.C.**

Dated: 06/26/2013               By:   /s/ Robert D. Wilson
Robert D. Wilson
State Bar No. 00789823
18111 Preston Road
Suite 150 – Preston One
Dallas, Texas  75252
214-637-8866 (Tel)
214-637-2702 (Fax)
rwilson@wilsonlawtexas.com
Attorney for Defendant
**Bay Industrial,  Jennie Rich and William Glen Parker**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June 2013 in compliance with the Federal Rules of Civil Procedure, I electronically filed the foregoing Defendant Bay Industrial, Jennie Rich and William Glenn Parker  Amended Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following attorneys who are known to represent the United States of America and the corresponding defendants.

  /s/  Robert D. Wilson
Robert D. Wilson, Attorney for Defendant
**Rich and Parker Safety Services, Inc.**

**For Plaintiffs:**

Mr. Douglas M. Werman

**WERMAN LAW OFFICE, P.C.**

77 W. Washington Street  Suite 1402

Chicago, Illinois  60602

312-419-1008    Telephone

312-419-1025    Facsimile


**For Defendant Shaw Energy**

Ms. Jan Michelsen

OGLETREE, DEAKINS, ET AL

111 Monument Circle  Suite 4600

Indianapolis, IN  46204

317-916-1300    Telephone

317-916-9076    Facsimile