UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE, <br><br>      Plaintiffs, <br><br>  v. <br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER, <br><br>      Defendants. | Case No. 3:11-cv-00803 |

**PLAINTIFFS' MOTION *IN LIMINE* TO LIMIT THE TRIAL
TESTIMONY OF RICHARD SPEICHER**

To the extent Defendants intend to elicit testimony at trial from Richard Speicher, a non-disclosed potential witness, Plaintiffs move this Court for an order limiting the scope of such testimony, as identified below.

**I.    INTRODUCTION**

Mr. Speicher was never disclosed as a fact witness by any party in this litigation. Rather, Mr. Speicher was designated by Defendant Shaw Energy & Chemicals, Inc. ("Shaw") as a 30(b)(6) corporate witness, only, to testify on three narrow topics:

> Topic 2: "The nature and scope of work that Plaintiffs performed for or on behalf of Shaw at the Marathon Oil Refinery in Robinson, Illinois";
>
> Topic No. 14: "The identity of Shaw's supervisors and managers who directed the work of Plaintiffs during the workday at the Marathon Oil Refinery in Robinson, Illinois, and the job duties and responsibilities of those supervisors and managers"; and
>
> Topic No. 15: "Plaintiffs' job duties and responsibilities at the Marathon Oil Refinery in Robinson, Illinois."

Because the federal rules allow trial testimony only from witnesses who were first disclosed and identified in discovery, and because Mr. Speicher was never disclosed as a fact witness, this Court should limit his trial testimony to the three topics on which he was designated to provide Rule 30(b)(6) testimony.

## II.     BACKGROUND FACTS

Plaintiffs did not identify Mr. Speicher as an individual likely to have discoverable information in their mandatory initial disclosures, served pursuant to Fed. R. Civ. P. 26(a)(1). Exhibit 1, Plaintiffs' Rule 26(a)(1) Disclosures.[1]  Shaw's Rule 26(a)(1) disclosures, which were served on March 13, 2012, identified only three potential witnesses – Chris Barker, Girish Joshi, and Tim Muir – and did not indicate what information those individuals possessed.  Exhibit 2, Shaw's Rule 26(a)(1) Disclosures.  Instead, Shaw only stated that each witness "may have information related to Plaintiffs' allegations or Shaw's defenses." *Id*.  Shaw's disclosures also included a "catch-all" category, including, "Any and all individuals identified or referenced in written discovery responses, documents tendered or produced in discovery, and deposition testimony or exhibits." *Id*.  Nowhere in the parties' initial disclosures was Mr. Speicher identified as an individual with information related to the litigation. *Id*.

Nor was Mr. Speicher identified in Defendants' answers to Plaintiffs' written discovery requests. Plaintiff Justin Attaway's First Set of Interrogatories to Defendant Shaw Energy & Chemicals, Inc. asked Shaw to identify by:

> name, title, and address all persons who have or who claim to have knowledge of any facts alleged in Plaintiffs' Complaint or in your Answer, or knowledge of any facts concerning Plaintiffs' job duties and responsibilities while Plaintiffs were employed by

---

[1] Defendants Bay Industrial Safety Services, Inc. ("Bay"), Jennie Rich, and William Glenn Parker failed to make their mandatory Rule 26(a)(1) Disclosures in this case.

you, and, for each such persons, state the nature of such person's knowledge of such alleged facts

Exhibit 3, Defendant Shaw's Answers to Plaintiff's First Set of Interrogatories, Interrogatory No. 5, p. 6. In response, Shaw stated that "[t]he answers to this Interrogatory were provided in Shaw's Initial Disclosures and will be supplemented as required." As stated above, Mr. Speicher was not identified in Shaw's Initial Disclosures, which to date have never been supplemented pursuant to Rule 26(e). Nor did Defendant Bay identify Mr. Speicher as a potential witness in response to Plaintiffs' interrogatories, despite identifying eleven (11) others who allegedly had knowledge relating to Plaintiffs' claims.[2] Exhibit 4, Defendant Bay's Answers to Plaintiff's First Set of Interrogatories, Interrogatory No. 5, p. 4.

On November 7, 2012, Plaintiffs took the Rule 30(b)(6) deposition of Shaw. A copy of the Amended Notice of the Rule 30(b)(6) Deposition to Defendant Shaw is attached hereto as Exhibit 5. It was not until Plaintiffs noticed Shaw's 30(b)(6) deposition that Mr. Speicher was identified as a corporate representative designated to testify for the company on three narrow topics. Exhibit 6, Shaw Rule 30(b)(6) Dep. (Barker), p. 8:2 – 9:5. Those three topics were:

> Topic 2: "The nature and scope of work that Plaintiffs performed for or on behalf of Shaw at the Marathon Oil Refinery in Robinson, Illinois";
>
> Topic No. 14: "The identity of Shaw's supervisors and managers who directed the work of Plaintiffs during the workday at the Marathon Oil Refinery in Robinson, Illinois, and the job duties and responsibilities of those supervisors and managers"; and
>
> Topic No. 15: "Plaintiffs' job duties and responsibilities at the Marathon Oil Refinery in Robinson, Illinois."

*Id.*; Ex. 5, 30(b)(6) Notice of Deposition. Shaw designated a different witness, Christine Barker, to testify on behalf of the corporation for *all* other topics, including topics 1, 8, 13, and 17, which

---

[2] Defendant Bay also failed to disclose what knowledge each individual had. Plaintiffs therefore lacked notice as to which (if any) of the named persons possessed personal knowledge of Plaintiffs' compensation, timekeeping practices, or actual hours worked.

3

relate to Plaintiffs' compensation.[3] Ex. 5, 30(b)(6) Notice of Deposition.

On September 4, 2013, Shaw filed Mr. Speicher's affidavit in response to Plaintiffs' motion for summary judgment. That affidavit contains Mr. Speicher's *individual* testimony, which goes well beyond the scope of the three topics he testified to under Rule 30(b)(6). For example, in the affidavit Mr. Speicher claims that he "was one of the individuals to authorize Plaintiffs' … earnings on the Marathon project" (ECF No. 114-11, ¶ 8), that he has knowledge of "minimum salaries" for Plaintiffs' alleged job positions (*Id*. ¶ 9) and knowledge of what "each Plaintiff" was allegedly told about his compensation, including alleged "guaranteed minimum salaries" (*Id*. ¶ 12-13), the reasons for certain deductions from Plaintiffs' weekly compensation (*Id*. ¶ 15), and Shaw's would-be solution had it been aware of improper wage deductions (*Id*. ¶ 18). He also claims to have knowledge that Plaintiffs were "working at least 40 hours per week" (*Id*. ¶ 5), that Plaintiffs were informed how many hours they "typically would work" (*Id*. ¶ 10), and that Plaintiffs worked less than 40 hours "on only a few isolated occasions" (*Id*. ¶ 14). Finally, Mr. Speicher attests to each specific day that work was available at the Marathon Project (*Id*. ¶ 16), as well as the reasons Plaintiffs were required to record their time worked "in hourly increments" (*Id*. ¶ 11) and the specific timekeeping procedures they followed (*Id*. ¶ 17). As explained above, Mr. Speicher was not designated to provide 30(b)(6) testimony on any of these subjects, nor was he ever disclosed or identified by Shaw (or any other party) as an individual fact witness having personal knowledge of any topics related to Plaintiffs' employment.[4]

---

[3] These topics included, "Plaintiffs' work for Shaw and the terms under which they were hired …" (Topic 1); "Defendant's policies, practices and procedures related to the recording, tracking, or obtaining details of time worked by Plaintiffs for purposes of pay or compensation …" (Topic 8); Payroll and timekeeping agreements between Bay and Shaw (Topic 13); and "[i]nformation relating to the amounts paid to Plaintiffs .." (Topic 17).

[4] Mr. Speicher's affidavit cannot be used as evidence at trial because it is inadmissible hearsay. *See L.W. ex rel. Whitson v. Knox Cnty. Bd. of Educ.*, 3:05-CV-274, 2008 WL 2229404, at *1

Plaintiffs filed a motion to strike all portions of Mr. Speicher's affidavit regarding topics on which he was not designated to testify as a 30(b)(6) witness, on the grounds that Mr. Speicher was an undisclosed fact witness. ECF No. 115. Plaintiff's motion to strike was summarily denied with Plaintiff's motion for summary judgment, on October 28, 2013.[5] ECF No. 133.

For these reasons, the Court should limit the scope of Mr. Speicher's trial testimony, if elicited, to the three 30(b)(6) topics for which he was designated.

## III. Argument

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A); *David v. Caterpillar*, *Inc.,* 324 F.3d 851, 856 (7th Cir. 2003). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses "in a timely manner" if it learns that the information disclosed or the response is "incomplete or incorrect, and if the additional corrective information has not otherwise been

---

(E.D. Tenn. May 27, 2008)(barring the use of affidavits and deposition transcripts at trial when the declarants would be available for trial); *Compana, LLC v. Aetna, Inc.*, C05-0277RSL, 2006 WL 1319456, at *5 (W.D. Wash. May 12, 2006)(declarations and affidavits offered for the truth of the matter asserted therein are inadmissible hearsay when party seeking to introduce the documents has not shown that the witnesses are unavailable for trial).

[5] This motion to limit Richard Speicher's testimony at trial is properly before the Court as a motion in limine. *See SEC v. Treadway,* 430 F.Supp.2d 293, 322 (S.D.N.Y. 2006)(while motion to strike declaration was denied at summary judgment stage, further challenge was permitted through motion in limine). The District Court's denial of Plaintiff's motion was included only as an afterthought in the minute order denying summary judgment. ECF No. 133. The District Court did not entertain argument on the motion, nor was it even mentioned during the October 28, 2013 motions hearing. *See* Exhibit 7, Transcript of Motions Hearing Before Judge Murphy, Oct. 28, 2013. Such cursory treatment, really an understatement, affords little confidence in the pronouncement and provides no basis to believe that the district Court ruled on the merits of Plaintiffs' motion.

5

made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1); *David,* 324 F.3d at 856. To ensure compliance with these discovery requirements, Rule 37 provides that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *David*, 324 F. 3d 856-857. The Seventh Circuit has held that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David*, 324 F. 3d at 857.

> A. **Shaw Failed To Disclose Mr. Speicher In Its Rule 26(a)(1) Disclosures And Speicher's Personal Knowledge Of Plaintiffs' Compensation, Hours Worked, And Timekeeping Practices Was Not Otherwise Made Known During The Discovery Process**
>
>> 1. **Shaw's 26(a)(1) disclosures did not identify Mr. Speicher or the subjects of any discoverable information in his possession.**

As explained above, Mr. Speicher was never disclosed by Shaw or Bay as a fact witness in this case. He was not listed with the other named individuals in Shaw's Rule 26(a)(1) disclosures, nor was he identified in response to Plaintiff's written discovery requests.

Plaintiffs expect Shaw will argue that Mr. Speicher was disclosed in the broad "catch-all" provision in its disclosures. In *Andrews v. CBOCS West, Inc*., however, this Court denied an almost identical argument, holding that the phrase, "[a]ll persons identified by Plaintiff" was not sufficient to constitute adequate disclosure of a witness, and that such "blanket statements" are "wholly inadequate for purposes of … compliance with Rule 26(a)(1)." *Andrews v. CBOCS West, Inc*., No. 09-cv-1025, 2011 WL 722606, at *2 (S.D. Ill Feb. 23, 2011). This Court further held that, even if such broad statements were sufficient to constitute disclosure under Rule 26, the disclosing party had also failed to identify the subject of the information for which the

6

covered witnesses would testify, in violation of Rule 26(a)(1)(A)(i), and thus an analysis of the harm caused by the failure to disclose was warranted. *Id.* at 2-3. As in *Andrews*, Shaw's blanket inclusion of "[a]ny and all individuals identified or referenced in written discovery responses, documents tendered or produced in discovery, and deposition testimony or exhibits," was insufficient to put Plaintiffs on notice that Mr. Speicher had discoverable information, and equally important, did not disclose the subject of that information. *See, e.g.*, *U.S. ex rel. Hudalla v. Walsh Construction Co.*, No. 05 C 5930, 2012 WL 182206, at *5-6 (N.D. Ill. Jan. 21, 2012)(normally, a blanket statement in Rule 26(a)(1) disclosures identifying "Subcontractors and Vendors on the [sic] each of the above referenced projects" would be insufficient and would not render harmless the eve-of-trial disclosure of a witness). Shaw's discovery tactic violates "one of the primary purposes for Rule 26(a)(1) disclosures – 'to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.'" *Andrews*, 2011 WL 722606, at *3, *quoting U.S. ex rel. Schwartz v. TRW, Inc.,* 211 F.R.D. 388, 392 (C.D. Cal. 2002). Shaw's failure to disclose Mr. Speicher as an individual likely to have discoverable information and its subsequent use of his testimony as an individual fact witness violates Rules 26(a)(1) and 26(e).

> **2. Subsequent document production and deposition testimony were not sufficient to notify Plaintiffs that Shaw would use Mr. Speicher as an individual fact witness.**

Despite its failure to disclose Mr. Speicher in accordance with Rule 26(a)(1) or supplement its disclosures pursuant to Rule 26(e), Plaintiffs expect Shaw to argue that he was subsequently disclosed during the discovery process, through either produced documents in which he was named or in his capacity as a 30(b)(6) witness. However, as this Court made clear in *Andrews*, Plaintiffs' alleged knowledge of Mr. Speicher's existence, by itself, is not sufficient

7

for Shaw to claim that it complied with Rule 26. *Andrews*, 2011 WL 722606, at *2 ("So, even if Ms. Andrews knew who some or all of these witnesses were, she would not have known – without supplementation from Cracker Barrel – the subjects of their declarations.").

Shaw may argue that its failure to disclose Mr. Speicher was substantially justified and harmless because his name appears in some of the documents produced by Defendants. However, Plaintiffs were not required to hunt through every document to search for persons who might have pertinent information relating to their claims or Defendants' defenses. And here, Defendants' produced *thousands* of pages of documents, including organizational charts and emails containing the names of *hundreds* of different persons. In cases like this, mere references to witnesses' names in depositions and on documents are insufficient to constitute disclosure under the Federal Rules. *See, e.g., Civix-DDI v. Cellco P'ship LLC*, 387 F. Supp. 2d 869, 885 n. 14, 904 n. 43 (N.D. Ill. 2005); *Ty Inc. v. Publications Intern., Ltd.*, No. 99 C 5565, 2004 WL 421984, at *4 (N.D. Ill. Feb. 17, 2004)(excluding testimony of undisclosed witnesses even when their names appeared in the prejudiced parties' own documents). In *Civix*, one of the defendants filed multiple motions to strike the plaintiff's declarations based on the plaintiff's failure to disclose the declarants under Rule 26. *Id.* at 884-885, 898 n. 34, 904 n. 43. The court granted one of the defendant's motions over the plaintiff's assertion that the witness was disclosed during a deposition. *Id.* at 904 n. 43. The Court ruled that the defendant was "entitled to rely on the absence of [the witness's] name in [the plaintiff's] initial disclosures and therefore assume that [the plaintiff] would not rely on any testimony from [the witness] at trial." *Id.* In granting a second motion to strike, the Court held that the plaintiff's failure to disclose a witness in its Rule 26 disclosures was not justified and unfairly prejudiced the defendant, where the plaintiff had "ample time to discover the facts to prove its affirmative case." *Id.* at 884-885. In

granting a third motion to strike, the Court held that the witness was never disclosed pursuant to Rule 26, and, although the plaintiff argued that the defendant was aware of relevant information regarding the witness, the defendant "was entitled to rely on the fact that [the plaintiff] did not disclose [the witness] as either a fact or expert witness and therefore would not be relying on his testimony at trial." *Id*. at 898 n. 34. The fact that some of the documents Shaw produced to Plaintiffs mentioned Mr. Speicher does not make up for Shaw's failure to name him in its Rule 26(a)(1) disclosures, since it did not notify Plaintiffs that Shaw might actually call Mr. Speicher as a witness at trial, and it did not disclose the topics on which he may testify. *See* Fed. R. Civ. P. 26(a) cmt. n.19 (2013); *Wallace v. U.S.A.A. Life Gen. Agency, Inc.,* 862 F. Supp. 2d 1062, 1065-66, 1068 (D. Nev. 2012)(simply providing the identify of a witness or producing documents in discovery will not excuse failure to disclose under Rule 26(a)(1) since it does not put the other party on notice that the producing party may use that witness or those documents to support its claims or defenses).

     In addition, Shaw's production of Mr. Speicher as a corporate representative on specific deposition topics did not convert him into a disclosed fact witness. Mr. Speicher was produced by Shaw only as a corporate representative to provide testimony on three narrow topics that relate to Plaintiffs' job duties and responsibilities – not Plaintiffs' compensation, hours worked, or timekeeping practices. A Rule 30(b)(6) corporate representative does not give his or her personal opinions. Rather, he or she presents the corporation's "position" on the topic. Thus, "a deposition of an individual and a deposition of the same person as a representative of the organization are two distinct matters. Rule 30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations." *See, e.g.*, *Taylor v. Shaw*, 2:04-CV-01668-LDG-LRL, 2007 WL

710186, at *2 (D. Nev. Mar. 7, 2007) citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)(distinguishing a designated witness speaking for the corporation from that of an employee whose testimony is not considered that of the corporation); *Toys "R" Us, Inc. v. N.B.D. Trust Company*, No. 88C10349, 1993 WL 543027, at *2 (N.D. Ill. Sept. 29, 1993).[6]

Mr. Speicher was never produced as a fact witness in his individual capacity. Mr. Speicher was only and specifically designated to testify in an organizational capacity on topics related to Plaintiffs' job duties and responsibilities – not Plaintiffs' compensation, timekeeping practices, or hours worked. And, since he had never been identified as a fact witness, Plaintiffs had no reason to and did not ask Mr. Speicher any questions regarding his personal knowledge of matters outside the three Rule 30(b)(6) deposition topics for which he was produced. Nor did Shaw's counsel allow Mr. Speicher to be deposed on any other topics. Exhibit 8, Shaw Rule 30(b)(6) Dep. (Speicher), 12: 18-23 (Mr. Gollnick: "Look, I'll tell you what my deal is, is your attitude and not keeping in the context of what you sent on the topics for the 30(b)(6). So you're going to restrict yourself to those topics that you submitted and we agreed to present the witness for. If not, we're going to end this right now."). Unlike the deposition of Cindy Shields in *Andrews*, Mr. Speicher was only asked to testify about the topics for which he was designated, and for this reason he was not asked to testify to facts relating to Plaintiffs' compensation or their actual hours worked. *See Andrews*, 2011 WL 722606, at *4. In fact, inasmuch as Mr. Speicher

---

[6] Rule 30(b)(6) places a duty on the corporation to designate an individual to testify on behalf of the corporation who has knowledge responsive to subjects designated in the Rule 30(b)(6) requests of its opponents. *See Smithkline Beecham Corp. v. Apotex Corp.,* No 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill. Jan. 24, 2000) citing *Resolution Trust Corp. v. Southern Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir. 1993). Rule 30(b)(6) imposes a duty upon the business entity to perform a reasonable inquiry for information and prepare the selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know. *Beloit Liquidating Trust v. Century Indem. Co.,* No. 02 C 50037, 2003 WL 355743, at *2 (N.D. Ill. Feb.13, 2003).

was only designated as a 30(b)(6) deponent, he could not have been required to offer legal conclusions or to testify on subjects outside of the scope of the Rule 30(b)(6) topics for which he was designated. *Cat Iron, Inc. v. Bodine Envtl. Servs., Inc.,* 10-CV-2102, 2011 WL 2457486, at *7(C.D. Ill. June 15, 2011), citing *Bilek v. American Home Mortgage Servicing,* No. 07 C 4147, 2010 WL 3187648, at *2 (N.D. Ill. August 9, 2010)..

The federal rules dictate that testimony may only be provided by witnesses that were first disclosed and identified in discovery. *David*, 324 F.3d at 857. That means no surprises and no ambush. Because Mr. Speicher was never disclosed as an individual fact witness by any party in this case, his testimony outside of the topics on which he was designated as a 30(b)(6) witness must be barred at trial.

### B. Defendants' Failure To Disclose Mr. Speicher Was Not Justified Or Harmless And Thus His Testimony At Trial Must Be Limited To The Subjects For Which He Was Designated Under Rule 30(b)(6)

Under Rule 37(c)(1), the party facing sanctions has the burden of proving that its failure to disclose a witness was either substantially justified or harmless. *David,* 324 F.3d at 857. The Seventh Circuit has enumerated four factors the Court should examine to determine if the failure to disclose a witness was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* Shaw's conduct meets all four *David* factors.

First, the failure to disclose Mr. Speicher as an individual fact witness has prejudiced Plaintiffs by preventing meaningful discovery regarding the substance of his testimony, including testimony that contradicts Shaw's Rule 30(b)(6) testimony. *See Zingerman v. Freeman Decorating Co.,* 02 C 6050, 2003 WL 22057032, at *4 (N.D. Ill. Sept. 3, 2003) *aff'd*,

11

99 F. App'x 70 (7th Cir. 2004) (holding that, even where witnesses were allegedly "well known" to plaintiff, they could not testify at trial where they were disclosed in the last week of discovery because it "reeks of unfair surprise" and "[n]ew witnesses can change the direction or strategy of an entire case"). Shaw waited to submit Mr. Speicher's affidavit until after the close of fact discovery and after Plaintiffs had filed their motion for summary judgment. Had Plaintiffs been notified of Mr. Speicher's personal knowledge at the start of discovery as required by Rule 26, not only would Plaintiffs have taken Mr. Speicher's deposition in his personal capacity, but the entire arc of the litigation would have been different, including the content and order of the other depositions taken by Plaintiffs' counsel and the summary judgment process.

Additionally, Shaw's failure to disclose and belated use of Mr. Speicher as a fact witness in opposition to Plaintiffs' motion for summary judgment means that Plaintiffs cannot cure the prejudice. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 500 (N.D. Ill. 2006)(even where there is plenty of time to take a deposition, such an argument "essentially restructures the Federal Rules of Civil Procedure and makes discovery deadlines set by the court irrelevant"); *Saudi v. Valmet-Appleton, Inc.*, 219 F.R.D. 128,133 (E.D.Wis. 2003)(the court need not find that failure to disclose "irreparably harms and prejudices" a party to exclude witness testimony). Fact discovery closed on September 1, 2013, and this matter is set for jury trial on April 7, 2014. Deposing Mr. Speicher as a fact witness now would inject additional delay, add unnecessary costs, and undermine the entire pre-trial process. *See, e.g., United States v. Dunn*, 04 C 50472, 2007 WL 1100754, at *4 (N.D. Ill. Apr. 12, 2007) (party cannot be forced to depose newly-disclosed witnesses because it would "impose additional expense and delay into the proceedings"); *Ty*, 2004 WL 421984, at *4, ("Ty should not be put in the position of having to scramble to track down these individuals … and then prepare rebuttal evidence or testimony,

when it should be focusing its resources on preparing for trial."). Thus, Mr. Speicher's testimony should be precluded to the extent it goes "far beyond any purported 'disclosure'" made by Shaw. *Andrews*, 2011 WL 722606, at *3-4.

Finally, the prejudice caused by allowing Mr. Speicher to testify at trial in his personal capacity on topics relating to Plaintiffs' compensation, hours worked, and timekeeping practices is highlighted by the fact that Shaw designated a different corporate representative, Christine Barker, to provide testimony regarding those specific topics. Ms. Barker's testimony was flatly contrary to the testimony in Mr. Speicher's affidavit and the testimony he presumably intends to give at trial. Prior to Mr. Speicher's affidavit, Shaw's consistent position, in both its written discovery responses and through Christine Barker's Rule 30(b)(6) testimony, was that it has *absolutely no idea* whether, when, or how Plaintiffs were paid for their work. For example:

- "Shaw paid invoices presented to it by Bay, and therefore is without knowledge whether, when, or how Defendant paid a particular individual for his/her work." Ex. 3, Shaw Ans. to Plt. Justin Attaway's First Set of Interrogatories to Defendant Shaw Energy & Chemicals, Inc., Interrog. 4, p. 5;
- "Shaw therefore is without any knowledge what portion of the monies Shaw paid Bay were actually and ultimately provided to Plaintiffs in their paychecks." Exhibit 9, Shaw's Ans. to Plt. Justin Attaway's Second Set of Interrog., Interrog. 1, p. 4.
- "At all times throughout Plaintiffs' temporary employment only Bay calculated and paid Plaintiffs' wages, and only Bay had knowledge of what amounts were paid to each Plaintiff." Exhibit 10, Affidavit of Chris Barker, ECF. No. 73-1, ¶16-17.
- Shaw "doesn't know what the Plaintiffs were actually paid by Bay" and is "not aware … of any promise that was made to Plaintiffs to pay them a guaranteed amount each week." Ex. 6, Shaw Rule 30(b)(6) Depo. (Barker), p. 125:1, 140:8-25, 141:1-7.

Permitting Mr. Speicher, a non-disclosed fact witness, to now contradict these statements at trial would be unfair, contrary to the rules, and extremely prejudicial. Indeed, based on Shaw's consistent representations, Plaintiffs' counsel reasonably believed that it did not need to take the depositions of Shaw managers with regard to Plaintiffs' compensation because, according to

13

Shaw, *no one* at the company had such information. *Cf. Hudalla*, 2012 WL 182206, at *6 (nondisclosure may not be harmful when Plaintiff failed to depose similar witnesses who had the same information as an undisclosed witness). Shaw's fourth quarter reversal and untimely disclosure of an undisclosed witness with such relevant information has clearly harmed Plaintiffs. Since Plaintiffs were never put on notice that Mr. Speicher would testify about anything other than the narrow topics for which he was designated as a 30(b)(6) witness, his testimony at trial should be limited to those three topics. *See Hudalla*, 2012 WL 182206, at *3 (limiting witness' testimony to only those topics for which he had been disclosed).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court limit the Scope of Richard Speicher's testimony at trial to the following three topics on which he provided Rule 30(b)(6) testimony:

> Topic 2: "The nature and scope of work that Plaintiffs performed for or on behalf of Shaw at the Marathon Oil Refinery in Robinson, Illinois";
>
> Topic No. 14: "The identity of Shaw's supervisors and managers who directed the work of Plaintiffs during the workday at the Marathon Oil Refinery in Robinson, Illinois, and the job duties and responsibilities of those supervisors and managers"; and
>
> Topic No. 15: "Plaintiffs' job duties and responsibilities at the Marathon Oil Refinery in Robinson, Illinois."

Ex. 5, 30(b)(6) Notice of Depo. Mr. Speicher's testimony should be barred on all other subjects and topics.

                                                  Respectfully submitted,

Dated:  December 11, 2013

                                                  <u>s/Douglas M. Werman</u>
                                                  DOUGLAS M. WERMAN
                                                  SARAH J. ARENDT
                                                  Werman Law Office, P.C.
                                                  77 W. Washington, Suite 1402
                                                  Chicago, Il 60602
                                                  312-419-1008

                                                  Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>    Plaintiffs,<br><br> v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>    Defendants. | Case No. 3:11-cv-00803 |

**CERTIFICATE OF SERVICE**

  I hereby certify that on **December 11, 2013** I electronically filed the foregoing **Plaintiffs' Motion *In Limine* to Limit the Trial Testimony of Richard Speicher** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

☐ **Jan Michelsen**

jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

☐ **Robert Doyle Wilson**

rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                s/Douglas M. Werman
                One of Plaintiff's Attorneys

Douglas M. Werman
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs