UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, And TEDDY MARRERO, VICTOR E. ALONSO AGUIRRE, | ) ) ) ) ) | |
| *Plaintiffs* | ) ) | |
| v. | ) ) | Civil Action No. 3:11-cv-00803 |
| BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER, | ) ) ) ) | |
| *Defendants* | ) | |

## MOTION FOR PROTECTIVE ORDER

Comes now Defendant Shaw Energy & Chemicals, Inc. ("Shaw"), by counsel, and moves the Court to enter an order that prohibits Plaintiffs, Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, Teddy Marrero, and Victor E. Alonso Aguirre (collectively "Plaintiffs") from taking any additional depositions before trial. In support of this Motion, Shaw states as follows:

1. Plaintiffs have noticed the depositions of Blake Dufrane and Paul Skidgell for February 27 and 28, 2014 in Houston, Texas. **(Exhibit A, Deposition Notices, received January 21, 2014)**

2. Discovery in this matter closed on <u>April 30, 2013</u>. However, per request *by Plaintiffs*, the Court extended discovery for four (4) months until <u>September 1, 2013</u> to allow Plaintiffs to evaluate and reassess whether they needed to conduct additional discovery or take additional depositions *including depositions of Skidgell and Dufrane*. (Doc. 97) Plaintiffs took no additional depositions.

3. Despite Plaintiffs' initial interest and request to depose Skidgell and/or Dufrane,

Shaw's willingness and cooperation to make them available for deposition, and Shaw's specific rejection of Plaintiffs' proposal to take post-summary judgment depositions, Plaintiffs eventually, voluntarily determined not to take Skidgell's or Dufrane's depositions before the close of discovery.  **(Exhibit B, pp. 1-8)**

    4.    Plaintiffs originally requested in October 29 through December 11, 2012 to schedule one or both of these depositions **(Exhibit B, pp. 1, 2)** and then five (5) months later abandoned that strategy, confirming on March 24, 2013 (more than a month before the then-close of discovery) that Irving Scott was the <u>final</u> deposition Plaintiffs would take.  **(Exhibit B, pp. 7-8)**

    5.    The record reflects that Shaw did nothing to prevent Plaintiffs from deposing Skidgell and Dufrane during discovery.  In fact, Shaw was required by the Court and willing to make them available during the extended, 4-month period after discovery was initially set to close on April 30, 2013, when the Court allowed Plaintiffs another opportunity and more than sufficient time until September 1, 2013 to decide whether they wanted to take any additional depositions.  Despite that extended opportunity, <u>Plaintiffs did not depose Skidgell or Dufrane or Speicher or any other witness</u>.  September 1, 2013 came and went with no request for any additional depositions.

    6.    In fact, Plaintiffs <u>proposed</u> and Defendant Shaw specifically <u>rejected</u> a plan that would defer the Skidgell and Dufrane depositions after summary judgment and allow Plaintiffs to take those depositions before trial, which is exactly what Plaintiffs are now asking to do.  **(Exhibit B, pp. 3-5)**  Plaintiffs proposed that <u>if</u> Shaw agreed not to employ any declarations of un-deposed witnesses in opposition to Plaintiffs' dispositive motion, <u>then</u> Plaintiffs would defer the depositions of Skidgell and Dufrane.  Defendant Shaw rejected that proposal – and with it

2

rejected Plaintiffs' requests to delay depositions until after discovery – and encouraged Plaintiffs to take all depositions within the discovery period, even joining in a Motion to Extend Deadlines so Plaintiffs could accomplish that.  **(Exhibit B, p. 5; Exhibit C, Doc. 82)**  The January 16, 2013 proposal was that if Shaw committed to not using statements from Scott, Skidgell or Dufrane in opposition to summary judgment, then Plaintiffs did not *"need those three depositions, subject only to plaintiffs being allowed to depose those persons before trial (if any)."*  Plaintiffs' counsel continued: *"If, on the other hand, Defendants want to complete all remaining discovery, please provide me with dates for the depositions of Blake Dufrane, Irving Scott, and Paul Skidgell."*  **(Exhibit B, p. 3, email from D. Werman to Jan Michelsen, January 16, 2013)**  Shaw clearly <u>rejected</u> Plaintiffs' proposal, thus triggering the "on the other hand" option, requiring Plaintiffs' counsel to go ahead and take the depositions he needed to take.  Shaw responded:  *"We cannot commit to not using statements from the 3 guys you want to depose."*  **(Exhibit B, p. 5, email from J. Michelsen to D. Werman, February 6, 2013)**

      7.     Shaw was entirely amenable to Plaintiffs taking Dufrane's and Skidgell's depositions throughout the entire discovery period.  **(Exhibit B, pp. 1-8)**  In fact, it was Shaw's counsel who repeatedly communicated with Plaintiffs' counsel and *reminded him* of his interest in doing so, in emails as early as the fall of 2012.  Then, on February 6, 2013, following through on the plan to "complete all remaining discovery" suggested by Plaintiffs and itemized in the Joint Motion (Doc. 82) **(Exhibit C, ¶¶ 4-5)**, Shaw's counsel communicated:

> *"Doug, I sent you the locations of the three witnesses you are interested in.  Two [Skidgell and Dufrane] no longer work for us but were managers and I can contact them about their availability, one is in Texas and one is in California if I recall correctly."*  **(Exhibit B, p. 5, February 6, 2013 email from J. Michelsen to D. Werman)**

Hearing no response, Shaw's counsel again followed up to be sure that I understood it was Plaintiffs' intention <u>not</u> to depose Skidgell or Dufrane.

> *"Please confirm whether this is the final deposition you are taking. I inquired about that before but don't think I got a response about Dufrane and Skidgell."* **(Exhibit B, p. 7, March 22, 2013 email from J. Michelsen to D. Werman)**

Plaintiff's counsel's response to Shaw's counsel's inquiry was unequivocal.

> *"This [Irving Scott] will be our last deposition."* **(Exhibit B, p. 8, March 24, 2013 email from D. Werman to J. Michelsen)**

8. In fact, primarily to allow Plaintiffs to complete those depositions,[1] on February 13, 2013, *all parties* filed a <u>Joint</u> Motion to Extend Deadlines (Doc. 82) **(Exhibit C, ¶¶ 4-5)** that specifically states in Paragraph 4: "*Still to be deposed are Plaintiff Justin Attaway, and three (3) witnesses Plaintiff desires to depose including a current Shaw employee in Houston, Texas and two (2) former managers in Texas and California*" (Doc. 82, ID 670) **(Exhibit C)** Obviously, the latter reference is to Skidgell and Dufrane. After obtaining that extension, Plaintiffs chose to depose Scott and elected not to depose Skidgell and Dufrane. Shaw's counsel followed up on several occasions, asking on March 5, 2013:

> *"Please advise what the plan is on the remainder of the depositions. Now that we got extra time for discovery, we need to get these done so the clock does not run out again . . . If you are going to take Blake Dufrane or Paul Skidgell those will involve travel and time to plan."*
>
> **(Exhibit B, p. 6, March 5, 2013 email from J. Michelsen to D. Werman)**

Shaw's counsel followed up on March 22, 2013, stating:

> *"I inquired before about [whether Irving Scott was last deposition] but do not think I got a response about Dufrane and Skidgell."*
>
> **(Exhibit B, p. 7)**

---

[1] Plaintiff Justin Attaway was a no-show for his scheduled and properly noticed deposition, so his deposition was also pending.

4

9. It is undisputed that Plaintiffs knew that their only and last opportunity to depose Skidgell, Dufrane, Speicher, or any other witness was <u>before discovery closed on September 1, 2013</u>.

10. Despite repeated inquiry as to <u>why</u> Plaintiffs now seek to depose Skidgell and Dufrane or what justification they have for insisting on two (2) out-of-state depositions involving three (3) to four (4) days of expensive travel and lodging just 60 days before trial, Plaintiffs have not provided any explanation or excuse. They apparently merely changed their mind once Plaintiffs' motion for summary judgment was denied. That is not how discovery works. It is not a "moving target," where a party can ignore discovery deadlines and can simply delay decisions about depositions until six (6) months after the close of a repeatedly-extended discovery period.

11. Even more troublesome, and prejudicial to Defendants, is that several depositions already were taken *in Houston* on two (2) other occasions in 2013 *within the discovery period*. Had Plaintiffs complied with rules of discovery and scheduled all depositions they needed within the allowed period, the Skidgell and Dufrane deposition could have been taken the same day as the Irving Scott deposition or the same days as the Speicher, Barker, Rich, and Parker depositions. Accordingly, there is no reason or justification for Plaintiffs to take two (2) additional, out-of-state depositions, six (6) weeks before a potential trial and almost six (6) months after the close of a generously-extended discovery period. By doing so, Plaintiffs are asking Shaw and Bay to bear the cost of Plaintiffs' indecision about their discovery choices and strategy. Obviously had Plaintiffs deposed Skidgell and/or Dufrane during one of the previous two (2) trips to Houston, the parties would avoid wholly unnecessary expense which would be incurred if Plaintiffs now are allowed to depose Skidgell and Dufrane. Plaintiffs are unfairly and unjustifiably endeavoring to require Shaw and Bay to incur thousands of additional dollars of

travel expense and attorney's fees merely because Plaintiffs are having second thoughts about their decision not to depose Skidgell and Dufrane.

12. The Court's Entry (Doc. 144) reflects that these depositions were discussed on November 8, 2013. However, based on representations made to the Court in Plaintiffs' Motion in Limine to Limit the Trial Testimony of Rick Speicher (Doc. 148) which representations are wholly inconsistent with Plaintiffs' claim that Plaintiffs should be allowed to depose Skidgell and Dufrane long after the close of discovery, Shaw's current and steadfast position is that Plaintiffs are not entitled to take these depositions and there is no justification for them to do so. Plaintiffs simply cannot have it both ways. Plaintiffs argued in their Motion in Limine to preclude Speicher that if <u>only</u> Plaintiffs were aware that Speicher was a person with factual knowledge, they <u>would</u> have deposed him within the discovery period. Accordingly, if that is Plaintiffs' claim, it follows that Plaintiffs <u>would</u> have, within the discovery period, deposed persons –including Skidgell and Dufrane – who Plaintiffs clearly <u>acknowledged</u> had factual knowledge. Plaintiffs cannot now be excused for failing to do so.

13. Plaintiffs will have full opportunity to cross examine Skidgell and Dufrane *at trial* and there will be no prejudice to Plaintiffs if they do not depose Skidgell and Dufrane *before trial*. That Plaintiffs now have changed their minds based on the Court's summary judgment ruling is of no concern to Shaw or Bay and certainly Shaw and Bay should not be required to bankroll the logistics of Plaintiffs' indecision. Litigation schedules and discovery deadlines do not afford Plaintiffs the luxury of waiting for a decision on dispositive motions only to reopen discovery when things do not turn out as Plaintiffs planned or hoped. And, trial depositions are permitted only in certain, limited circumstances when witnesses are unavailable. Skidgell and Dufrane will appear at trial if necessary and Plaintiffs' counsel will have full opportunity to cross

examine them there.

14. Plaintiffs have not offered any explanation why they did not depose Dufrane or Skidgell, just a presumptuous and selfish request now to do so. A party cannot simply wait to see how their motion for summary judgment fares and then reopen discovery to the detriment and expense of opposing parties. It was Plaintiffs' choice and decision <u>not</u> to depose Skidgell and Dufrane over an 11-month period. **(Exhibit B, pp. 1-8)** Plaintiffs rolled the dice on summary judgment, and lost. It is too late for a do-over at Shaw's and Bay's expense and inconvenience.

WHEREFORE, Defendant Shaw respectfully requests that no deposition of Skidgell or Dufrane be allowed before trial because there is no justification for any additional depositions and to allow them would unfairly prejudice Defendants, reward Plaintiffs for their dilatory behavior, and unnecessarily increase the cost of litigation.

Respectfully submitted,

Ogletree Deakins Nash Smoak & Stewart, P.C.

By:   s/ Jan Michelsen
     Jan Michelsen, IN Bar No. 18078-49
     111 Monument Circle, Suite 4600
     Indianapolis, Indiana  46204
     Telephone:  317.916.1300
     Facsimile:  317.916.9076
     *jan.michelsen@ogletreedeakins.com*

Attorneys for Defendant
Shaw Energy & Chemicals, Inc.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Motion for Protective Order* has been filed electronically, this 30th day of January, 2014.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Douglas M. Werman | Robert Doyle Wilson |
| Werman Law Office, P.C. | Law Offices of Robert D. Wilson, PC |
| 77 West Washington | 18111 Preston Road |
| Suite 1402 | Suite 150 |
| Chicago, Illinois  60602 | Dallas, Texas  75252 |
| dwerman@flsalaw.com | rwilson@wilsonlawtexas.com |

s/ Jan Michelsen
Jan Michelsen

16979339.1