UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| JUSTIN ATTAWAY, SAM FUENTES | ) | |
| MARTIN FUENTES, WILLIAM RIVERA, | ) | |
| And TEDDY MARRERO, VICTOR E. | ) | |
| ALONSO AGUIRRE, | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| v. | ) | Civil Action No. 3:11-cv-00803 |
| | ) | |
| BAY INDUSTRIAL SAFETY SERVICES, INC., | ) | |
| SHAW ENERGY & CHEMICALS, INC., | ) | |
| JENNIE RICH, and WILLIAM GLENN PARKER, | ) | |
| | ) | |
| *Defendants* | ) | |

## DEFENDANT SHAW'S MOTION IN LIMINE TO PROHIBIT CERTAIN CATEGORIES OF TESTIMONY, REFERENCE, AND/OR ARGUMENT

COMES NOW Shaw Energy & Chemicals, Inc., and, prior to the selection of the jury for the trial of this case, and before presentation of any evidence respectfully moves the Court to instruct Plaintiffs and co-Defendant Bay and their counsel not to make any statement to the jury or to question any juror or seek the Court to question any juror, party or witness, or offer any evidence, or to solicit any evidence or statement, or to make any statement pertaining to the following matters without first taking up same with the Court out of the presence of the jury:

1.      Evidence or testimony regarding any settlement negotiations in this case.  See FED R. EVID. 408.

2.      Any statement, testimony, reference, question, document and/or evidence, that relates, whether directly or indirectly, to (a) Shaw's financial ability to defend or to pay any portion of any judgment for the claims of any Plaintiff, or (b) any reference to the costs and fees that may have been incurred by Shaw in defending this or any other lawsuit, either absolutely or in relation to co-Defendant Bay's ability or inability to pay or costs and fees incurred by Bay. FED R. EVID. 401, 402 and 403; see also Draper v. Airco, Inc., 580 F.2d 91, 95 (3d Cir. 1978)

(evidence of the parties' poverty or wealth is inadmissible).  This includes any statement, testimony, reference, question, document, or evidence, relating, whether directly or indirectly, to Bay's contractual or other obligation to indemnify and defend Shaw.

3.     Any demonstrative exhibit, unless same is tendered to the Court and all counsel outside the presence of the jury and shown or exhibited to determine its relevance or suitability for introduction prior to and before informing the jury of its existence or tendering into evidence.

4.     Mention or reference to Shaw's failure to call any witnesses available equally to either side, or any tender, reference, reading from, or offering any exhibit or *ex parte* statements or reports from any witnesses not then present in Court to testify and subject to examination by Shaw's counsel.

5.     Any mention or suggestion to the jury of the *probable* testimony of witnesses who are absent, unavailable and/or not called to testify in this matter.

6.     Any advice, mention, or reference to the jury not to worry about who will pay the judgment, if any, or whether it is paid, or any statement to that effect.

7.     Any mention in the presence of the jury to Shaw's refusal to enter into any stipulation, including, but not limited to, offers of proof or admissibility of evidence.  Such could create prejudice in the minds of the jurors.

8.     Any mention, implication, or suggestion, directly or indirectly, that any evidence not before the jury has any bearing on the case.

9.     Any introduction or reference to documentary evidence that has not been previously and timely identified and/or produced by Plaintiffs or co-Defendant Bay in response to Shaw's discovery requests.  Reference to such documents would constitute unfair surprise and unduly prejudice Shaw in the presentation of its case.

2

10.     Any reference to the size or other attributes of the law firm representing Defendant Shaw, including the number of attorneys or offices in Shaw's firm, either absolutely or in comparison to the law firms representing Plaintiffs or co-Defendant Bay.  FED. R. EVID. 403.

11.     Any reference to insurance coverage.

12.     Any testimony or other evidence of any claims other than failure to pay each Plaintiff time and a half for hours worked over 40.

13.     Any lay opinions regarding whether pay practices with respect to any Plaintiff violated the FLSA, particularly opinions of co-workers or former co-workers, including testimony from any lay witness that a particular act or omission (whether real or hypothetical) was a violation of the FLSA.  FED. R. EVID. 401, 402, 403 and 701.

14.     Any statement, testimony, reference, question, document and/or evidence that, whether directly or indirectly, refers to, mentions, compares, or contrasts the relative wealth of the parties or witnesses.  See City of Cleveland v. Peter Kiewit Sons' Co., 624 F2d 749, 757 (6th Cir. 1980) (admission of such comments constitutes reversible error); Draper v. Airco, Inc., 580 F2d 91, 95 (3d Cir. 1978) (evidence of the parties' poverty or wealth is inadmissible).

15.     Any statement implying to the jury in any way that answering any of the questions submitted in this case with any particular response would excuse, decrease, increase or maximize (or any other word of similar import) the payment, if any, to be made by any Defendant to any Plaintiff.  See Roberts v. Williams – McWilliams Co., 648 F2d 255, 264-65 (5th Cir. 1981) (upholding judge's refusal to inform the jury of the legal effect of its answers).

3

Respectfully submitted,

Ogletree Deakins Nash Smoak & Stewart, P.C.

By:    s/ Jan Michelsen
       Jan Michelsen, IN Bar No. 18078-49
       111 Monument Circle, Suite 4600
       Indianapolis, Indiana  46204
       Telephone:  317.916.1300
       Facsimile:  317.916.9076
       *jan.michelsen@ogletreedeakins.com*

Attorneys for Defendant
Shaw Energy & Chemicals, Inc.

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendant Shaw's Motion In Limine To Prohibit Certain Categories Of Testimony, Reference, and/or Argument* has been filed electronically, this 18th day of February, 2014.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| | |
|---|---|
| Douglas M. Werman | Robert Doyle Wilson |
| Werman Law Office, P.C. | Law Offices of Robert D. Wilson, PC |
| 77 West Washington | 18111 Preston Road |
| Suite 1402 | Suite 150 |
| Chicago, Illinois  60602 | Dallas, Texas  75252 |
| dwerman@flsalaw.com | rwilson@wilsonlawtexas.com |

s/ Jan Michelsen
Jan Michelsen

17124442.1