IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES<br>MARTIN FUENTES, WILLIAM RIVERA,<br>TEDDY MARRERO, and VICTOR E.<br>ALONSO AGUIRRE,<br><br>    Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY<br>SERVICES, INC., SHAW ENERGY &<br>CHEMICALS, INC., JENNIE RICH, and<br>WILLIAM GLENN PARKER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 1 –**

**ANY EVIDENCE OR ARGUMENT THAT PLAINTIFFS "AGREED" TO DEFENDANTS' FAILURE TO PAY OVERTIME WAGES SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to exclude any evidence or argument that Plaintiffs knew, accepted, or otherwise "agreed" to Defendants' failure to pay them overtime pay at the rate of one and one-half times their regular hourly rate of pay for all overtime hours worked during their employment with Defendants.

It is well-settled that the right to overtime pay, guaranteed by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.,* cannot be abridged by contract or otherwise waived, since this would nullify the purposes of the statutes and thwart the legislative policies they were designed to effectuate. 820 ILCS § 105/2; *e.g., Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S. 728, 740 (1981) (citing cases); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("… the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay."); *Powers v. Centennial Communications Corp.,* 679 F.Supp.2d 918, 926 (N.D. Ind. 2009)("[R]ights

bestowed by the FLSA may not be taken away by contract, as they have been held 'nonwaivable.'"). Since the Parties could not negotiate away Plaintiffs' right to overtime pay, any argument or evidence suggesting that Plaintiffs "knew," accepted, or otherwise "agreed" to Defendants' failure to pay overtime is irrelevant and unduly prejudicial and should be excluded under Fed.R.Evid. 401 and 402. *Cougill v. Prospect Mortgage, LLC,* 1:13CV1433 JCC/TRJ, 2014 WL 348539 (E.D. Va. Jan. 31, 2014) (granting motion in limine barring evidence of an agreement to not be paid overtime wages).

Further, even if this Court determines that evidence of an agreement is relevant, permitting Defendants to introduce argument or evidence that Plaintiffs "knew," accepted, or otherwise "agreed" to Defendants' failure to pay overtime pay at the statutory rate is likely to confuse or mislead the jury. This risk substantially outweighs any probative value of the information. Thus, such evidence or argument should be excluded under Fed.R.Evid. 403.

February 18, 2014

Respectfully submitted,

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>　　　　Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 1 – Any Evidence or Argument that Plaintiffs "Agreed" to Defendants' Failure To Pay Overtime Wages Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com


　　　　　　　　　　　　　　　　　　　　　　s/Douglas M. Werman
　　　　　　　　　　　　　　　　　　　　　　One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

3