IN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>  Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 3**

**ANY ARGUMENT, EVIDENCE, OR TESTIMONY FROM BAY INDUSTRIAL SERVICES, INC.'S WITNESSES CONTRARY TO THEIR JUDICIAL ADMISSION THAT PLAINTIFFS WERE PAID ON AN "HOURLY BASIS" SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to prohibit Defendants Bay Industrial Safety Services, Inc. ("Bay"), Jennie Rich ("Rich"), and William Glenn Parker ("Parker")(collectively "the Bay Defendants"), from introducing evidence or argument or eliciting testimony from any witness contrary to their judicial admission that Plaintiffs were paid on an "hourly basis."

In Defendants' Amended Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint – and in each of their previous Answers – the Bay Defendants admit that they paid Plaintiffs for their work at the Marathon Refinery on an hourly basis. Plaintiffs' Third Amended Complaint and the Bay Defendants' Answer is as follows:

> Third Amended Complaint, ¶ 42. During the last three (3) years, Plaintiffs were paid for their work for Defendants on an hourly basis.

> Answer, ¶ 42.  Bay Industrial, Rich and Parker admits (sic) the allegations of Paragraph 42 of the Complaint.

*See* Pls.' Third Am. Compl., ECF No. 77, ¶ 42; Def. Bay, Rich, & Parkers' Am. Answer & Affirm Defenses to Pls.' Third Am. Compl., ECF No. 103, ¶ 42.

Judicial admissions are formal concessions in the pleadings or stipulations of counsel that bind the parties and may not be controverted at trial.  *See Webb v. TECO Barge Line, Inc.,* No. 7-514-DRH, 2012 WL 780851, at *15 (S.D. Ill. Mar. 7, 2012); *W.R. Grace & Co. v. Viskase Corp.,* No. 90 C 5383, 1991 WL 211647, at *2 (N.D. Ill. Oct. 15, 1991)("Judicial admissions … may not be contradicted."). The Seventh Circuit has long held that a parties' answers in the pleadings constitute judicial admissions. *See Murrey v. U.S.,* 73 F.3d 1448, 1455 (7th Cir. 1996)("If the answer to a complaint … admits liability, the defendant cannot then deny liability on the ground that there is evidence that the admission was mistaken.") citing Fed.R.Civ.P. 36(b); *Cf., E. Natural Gas Corp. v. Aluminum Co. of Am.,* 126 F.3d 996, 1001 (7th Cir. 1997)("Although prior pleadings *cease to be conclusive judicial admissions,* they are admissible in a civil action as evidentiary admissions.")(emphasis added) citing *Contractor Util. Sales Co. v. Certain-teed Prod. Corp.,* 638 F.2d 1061 (7th Cir. 1981).  Judicial admissions are not evidence, "but rather have the effect of withdrawing a fact from contention." *Id.* citing Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6726.  A judicial admission therefore trumps all evidence to the contrary, and prohibits the party that made the admission from arguing to the contrary through direct or indirect proof. *Murray* 73 F.3d at 1455, citing *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 333 (7th Cir. 1993); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir. 1990)(Plaintiff who conceded that age was not a factor in his ADEA claim could not then prove discrimination through direct or indirect proof).

Here, the Bay Defendants have admitted – not just once, but consistently in *four* Answers – that Plaintiffs were paid on an "hourly basis." This conclusive, unequivocal answer binds the Bay Defendants and removes from contention the question of how the Bay Defendants paid Plaintiffs. Plaintiffs therefore ask this Court to prohibit the Bay Defendants from contradicting their judicial admission at trial by introducing evidence or argument or eliciting testimony to the contrary.

Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>             Plaintiffs,<br><br>     v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>             Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 3 – Any Argument, Evidence, Or Testimony From Bay Industrial Services, Inc.'s Witnesses Contrary to Their Judicial Admission That Plaintiffs Were Paid On An "Hourly Basis" Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                                                           s/Douglas M. Werman
                                                           One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs