# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:11-cv-00803 |

## PLAINTIFFS' MOTION IN LIMINE NO. 4 –

## ANY EVIDENCE OR ARGUMENT THAT PLAINTIFFS FAILED TO COMPLAIN ABOUT NOT BEING PAID OVERTIME OR THAT DEFENDANTS DID NOT ACT "WILLFULLY" SHOULD BE EXCLUDED

Plaintiffs respectfully move this Court to exclude any evidence or argument that Plaintiffs failed to complain about not being paid overtime pay during their employment with Defendants Bay Industrial Safety Services, Inc. ("Bay"), Shaw Energy & Chemicals, Inc. ("Shaw"), Jennie Rich ("Rich"), and William Glenn Parker ("Parker")(collectively "Defendants"), and any evidence, remarks, suggestions, or statements of counsel that Plaintiffs were happy, satisfied or content with Defendants' pay practices during their employment.

Plaintiffs also seek to exclude all evidence, testimony, or argument that Defendants did not act willfully in their failure to pay Plaintiffs overtime pay as required by the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

### A.       The Court Should Exclude Evidence That Plaintiffs Failed to Complain

Any evidence related to Plaintiffs' failure to complain about Defendants' pay

practices is irrelevant and should therefore be excluded under Fed.R.Evid. 401 and 402.

First, Defendants cannot introduce such evidence to disclaim actual or constructive

knowledge that Plaintiffs regularly worked more than forty (40) hours per week, since Bay,

Rich and Parker have stipulated to the hours Plaintiffs worked and the amounts they were

paid each week, and Shaw has stipulated to the hours Plaintiffs reported as having worked

each pay period. ECF Nos. 70, 70-1, 74, & 74-1.  *See Consol. Coal Co. v. Dir., Office of*

*Workers' Comp. Programs,* 732 F.3d 723, 730 (7th Cir. 2013)("stipulations and

concessions bind those who make them," citing *Cleveland Hair Clinic, Inc. v. Puig*, 200

F.3d 1063, 1068 (7th Cir. 2000)(voluntary stipulations bind the parties)).

Second, to the extent that Plaintiffs did not "complain" about Defendants'

compensation practices, the lack of complaints is not relevant to Shaw's affirmative

defense of good faith.[1]  In order for a defendant to carry its burden of proof on the

affirmative defense of good faith, it must establish that it was acting in good faith *and* that it

had reasonable grounds to think that its acts or omissions did not violate the FLSA.  29

U.S.C. § 260; *Walton v. United Consumers Club*, 786 F.2d 303, 308-12 (7th Cir. 1986);

*Andrews v. Dubois*, 888 F.Supp 213, 221 (D. Mass. 1995) (reciting both elements and

requiring "proof that the employer had an honest intention to ascertain and follow" the

FLSA's requirements.). Thus, the affirmative defense of good faith has both a subjective and

objective component.  "A good heart but an empty head does not produce a defense;

objective criteria are highly valued here as in other inquiries into 'good faith,' not the least

---

[1] Plaintiffs do not concede that they did not complain. Regardless, any evidence of the lack of complaints is not relevant.  *See, e.g., Cougill v. Prospect Mortgage, LLC,* 1:13CV1433 JCC/TRJ, 2014 WL 348539 (E.D. Va. Jan. 31, 2014) (granting motion in limine barring evidence of an agreement to not be paid overtime wages).

because corporations . . . do not have subjective mental states." *Walton*, 786 F.2d at 312 (citations omitted);[2]  29 U.S.C. § 211.

Any failure to complain, however, is neither relevant to the subjective nor objective prongs of the test. Under the subjective prong, Shaw had an affirmative duty to ascertain the FLSA's requirements to determine whether Plaintiffs' positions should have been classified as exempt. *Martin v. Ind. Mich. Power Co.,* 381 F.3d 574, 582 (6th Cir. 2004). Under the objective prong, Shaw needed reasonable grounds for believing its classification of Plaintiffs was correct. Whether Plaintiffs complained about the lack of overtime pay during their employment is not probative of Shaw's duty to ascertain the FLSA's requirements before classifying Plaintiffs, nor does it show whether Shaw had reasonable grounds to believe its classification of Plaintiffs was correct.

It is undisputed that Shaw did not seek the advice of counsel before classifying Plaintiffs as "exempt" employees. Ex. A, Shaw Rule 30(b)(6) Dep. (Barker), at 57:8-13, 68:10-14.  Nor did Shaw conduct any sort of analysis or study with regard to Plaintiffs' job functions, duties, responsibilities, or compensation.  Ex. B, Letter from Jan Michelsen, Sept. 11, 2012.  Thus, it is obvious and apparent that Defendants took *no steps* to satisfy the objective prong of the affirmative defense of good faith.  Exs. A, B, and C (Bay Rule 30(b)(6) Dep. (Rich), at 24:23-25, 25:1-9; 99:25, 100:1-8).   Thus, any evidence of Plaintiffs' failure to complain should be excluded as irrelevant.

Even if this Court determines that Plaintiffs' failure to complain is relevant to Defendants' defenses, the probative value of such evidence would be substantially outweighed by its likelihood to confuse and mislead the jury. Fed.R.Evid. 403. For these reasons, this Court should bar Defendants from introducing any evidence, argument,

---

[2] Defendants Bay, Rich, and Parker did not plead the affirmative defense of good faith and have thereby waived that defense.  *See Venters v. City of Delphi,* 123 F.3D 956, 967-68 (7th Cir. 1997).

remarks, statements or suggestions that Plaintiffs failed to complain about the lack of overtime pay or that Plaintiffs were content with Defendants' compensation practices.

### B.   The Court Should Prohibit Defendants From Arguing They Did Not Act Willfully

This Court should also exclude all evidence, testimony, or argument that Defendants did not act "willfully," "intend," or otherwise purposefully fail to pay Plaintiffs overtime wages. "Willfulness" is not an element of Plaintiffs' claims under the IMWL, and it is only relevant to a claim under the FLSA when the plaintiffs seek to extend the two-year limitations period for a third year. 29 U.S.C. § 255(a). Here, however, Plaintiffs' overtime claims go back through March 2010 only, within two years of the time Plaintiffs filed their Complaint. Thus, Plaintiffs do not need to extend the limitations period for a third year and willfulness is not relevant.

Willfulness is also not an element of Defendants' defenses, since the jury does not need to find that Defendants willfully or purposefully failed to pay Plaintiffs' overtime wages in order to award liquidated damages to Plaintiffs. Rather, Defendants bear the affirmative burden of avoiding liquidated damages by establishing "good faith." 29. U.S.C. § 260. "Willfulness" is not part of the good faith analysis. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 311 (7th Cir. 1986)(Willfulness does not apply to the doubling of damages under the FLSA, "[B]ecause the FLSA does not use the word 'willful' and puts the burden on the defendant."); *Pautlitz v. City of Naperville*, No. 89 C 8855, 1994 WL 22963, at *2 (N.D. Ill. Jan. 25, 1994)(A showing that FLSA violations were not willful falls short of employer's burden under 29 U.S.C. § 260) citing *Martin v. Cooper Elec. Supply Co.,* 940 F.2d 896, 909 (3rd Cir. 1991); *U.S. E.E.O.C. v. Ill. Dept. of Rehab. Serv.*, No. 87-3348, 1989 WL 165556, at *2 (C.D. Ill. Dec. 12, 1989)(Lack of "willfulness" requirement under 29 U.S.C. § 206 makes it easier for a plaintiff to obtain liquidated damages than to extend the limitations period for a third year) citing *Walton,* 786 F.2d at 312. Thus,

Defendants should be barred from introducing any evidence, testimony, or argument that Defendants did not act "willfully" in failing to pay Plaintiffs overtime pay in accordance with the FLSA and IMWL.

Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE, | ) ) ) ) ) | |
| | ) | Case No. 3:11-cv-00803 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER, | ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 4 – Any Evidence or Argument That Plaintiffs Failed to Complain About Not Being Paid Overtime Or That Defendants Did Not Act "Willfully" Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs