IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>        Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 5 –**

**THE JURY SHOULD BE BARRED FROM DETERMINING (1) THE NUMBER OF HOURS PLAINTIFFS WORKED, (2) THE AMOUNT OF OVERTIME WAGES OWED, AND (3) WHETHER DEFENDANT SHAW ENERGY & CHEMICALS, INC. CAN MEET ITS AFFIRMATIVE BURDEN OF PROOF TO ESTABLISH "GOOD FAITH"**

Plaintiffs respectfully move this Court to preclude the jury from (1) determining the number of hours Plaintiffs worked each week, (2) calculating the amount of back overtime wages owed to Plaintiffs, and (3) determining whether Defendant Shaw Energy & Chemicals, Inc. ("Shaw') can meet its affirmative burden of proof to establish "good faith" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

    A.    **The Number of Hours Plaintiffs Worked Each Week is a Subject of the Parties' Stipulation**

Defendants Bay Industrial Safety Services, Inc., Jennie Rich, and William Glenn Parker ("Bay Defendants") stipulated to the number of hours each Plaintiff worked for Defendants during each week of their employment. Bay Stipulation*,* ECF Nos. 70, 70-1.  Defendant Shaw

stipulated to the number of hours Plaintiffs recorded working each week on Shaw's timekeeping system. ECF Nos, 74, 74-1.

Because the Parties' stipulation regarding the number of hours Plaintiffs worked each week leaves no issue for trial, the jury should be barred from being asked to determine the number of hours that each Plaintiff worked during each week of their employment by Defendants.

### B.     The Court, Not the Jury, Should Determine the Amount of Overtime Owed

In addition to the Parties' stipulation regarding the number of hours that Plaintiffs worked each week, the Parties also stipulated to each Plaintiff's regular hourly rate of pay, the number of hours each Plaintiff worked each week, and each Plaintiff's weekly gross compensation.  Bay Stipulation, ECF Nos. 70, 70-1.  Defendant Shaw further admitted that Bay, not Shaw, paid Plaintiffs during their employment.  Shaw's Answer to Third Am. Compl.¸ ECF No. 79.

Based on the Parties' stipulations, because no factual issue exists concerning the hours Plaintiffs worked (ECF Nos. 70, 70-1), Plaintiffs' hourly rates of pay during each week they worked (*id.*), or their weekly gross compensation *(id.),* the overtime wages owed to Plaintiffs can be – and already have been – calculated with precision.  *See* Exhibit A.[1]  Thus, the Court should preclude the jury from determining the *amount* of overtime pay Plaintiffs are owed.  *Id.*

---

[1] Because Plaintiff Victor Alonso has settled his claims with all Defendants, Ex. A excludes a calculation of the damages owed to Plaintiff Alonso.  For all other Plaintiffs, interest on the owed overtime wages as prescribed by the IMWL has been calculated through the anticipated final day of trial, Friday, April 11, 2014.

2

### C. The Court, Not the Jury, Should Determine Whether Defendant Shaw had "Good Faith"

Nor should they jury be allowed to determine whether Defendant Shaw can carry its affirmative burden of proving "good faith" in order to avoid liquidated damages.[2] The issue of "good faith" and the award of liquidated damages are issues solely within the province of the Court. *See, e.g.*, *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) ("[T]he Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes."); *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971) ("Since an award of liquidated damages is left to the 'sound discretion' of the court, it is to be granted, or denied, by the court, as opposed to the jury."); *Martin v. Detroit Marine Terminals*, 189 F. Supp. 579, 583, 14 WH Cases 851 (E.D. Mich.1960) ("[T]his court is of the opinion that the word 'court' in Section 260 clearly and unequivocally means 'judge' and not 'judge and jury.'"). Thus, the determination of whether Shaw can meet its affirmative burden of good faith and the actual amount of liquidated damages owed to Plaintiffs should be made by the Court.

For these reasons, Plaintiffs respectfully ask this Court to preclude the jury from determining the number of hours Plaintiffs worked, the amount of overtime wages owed, and whether Defendant Shaw has established "good faith" sufficient to avoid the award of liquidated damages to Plaintiffs.

---

[2] Defendants Bay, Rich and Parker did not assert the affirmative defense of good faith. ECF No. 103, Bay Am. Answer to Third Am. Compl.

                                                    Respectfully submitted,

February 18, 2014

                                                    <u>s/ Douglas M. Werman</u>
                                                    DOUGLAS M. WERMAN
                                                    MAUREEN A. SALAS
                                                    SARAH J. ARENDT
                                                    Werman Salas P.C.
                                                    77 W. Washington Street, Suite 1402
                                                    Chicago, IL 60602
                                                    312-419-1008

                                                    Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>    Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 5 – The Jury Should Be Barred From Determining (1) The Number Of Hours Plaintiffs Worked, (2) The Amount Of Overtime Wages Owed, And (3) Whether Defendant Shaw Energy & Chemicals, Inc. Can Meet Its Affirmative Burden of Proof To Establish "Good Faith"** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com


                                                              s/Douglas M. Werman
                                                              One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

5