IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>Defendants. | Case No. 3:11-cv-00803 |

**PLAINTIFFS' MOTION IN LIMINE NO. 6 –**

**ANY EVIDENCE CONCERNING ALL NON-WAGE PAYMENTS MADE TO PLAINTIFFS, INCLUDING MOVING EXPENSES, LIVING ALLOWANCES, TRAVEL ALLOWANCES, OR PER DIEM PAYMENTS PAID TO PLAINTIFFS SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to exclude any evidence or argument concerning non-wage payments made to Plaintiffs, including moving expenses, living allowances, travel allowances, or per diem payments Defendants Shaw Energy & Chemicals, Inc. ("Shaw"), Bay Industrial Safety Services, Inc. ("Bay"), Jennie Rich ("Rich"), and William Glenn Parker ("Parker")(collectively, "Defendants") paid to Plaintiffs.

The issue in this case is whether Defendants unlawfully failed to pay Plaintiffs overtime pay as required by the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Any evidence related to payments made to Plaintiffs that are not wages, such as moving expenses, living or travel allowances, or per diem payments, are irrelevant to Plaintiffs' claims and Defendants' defenses and should therefore be excluded under Fed.R.Evid. 401 and 402.

First, Plaintiffs have excluded all per diem, living and travel allowances, and moving expense payments from their calculation of the overtime wages owed to each Plaintiff, pursuant to 29 U.S.C. § 207(e)(2) and 29 C.F.R. § 778.217.  In addition, Defendants Bay, Rich and Parker have stipulated to the weekly gross compensation paid to each Plaintiff during each workweek. Defendants Bay, Rich and Parker also separately stipulated to the weekly living allowances Plaintiffs received, if any.  Plaintiffs' per diem or weekly living allowances were not payments made for hours Plaintiffs worked, and are therefore properly excluded from Plaintiffs' regular rates of pay for purposes of calculating owed overtime wages.  29 C.F.R. § 778.217.  Since these payments are not used to determine the amount of overtime wages owed to Plaintiffs as damages and are not otherwise in issue, they are irrelevant and should be excluded.

Even if this Court determines that evidence or argument concerning the moving expenses, living allowances, travel allowances, or per diem payments Plaintiffs received is relevant under Fed.R.Evid. 401 and 402, the probative value of such evidence would be substantially outweighed by its likelihood to confuse and mislead the jury and cause unfair prejudice. Fed.R.Evid. 403.

For these reasons, this Court should bar Defendants from introducing any evidence or argument concerning all non-wage payments made to Plaintiffs, including moving expenses, living allowances, travel allowances, or per diem payments Defendants paid to Plaintiffs related to their employment.

|  |  |
|---|---|
|  | Respectfully submitted, |
| February 18, 2014 | s/ Douglas M. Werman<br>DOUGLAS M. WERMAN<br>MAUREEN A. SALAS<br>SARAH J. ARENDT<br>Werman Salas P.C.<br>77 W. Washington Street, Suite 1402<br>Chicago, IL 60602<br>312-419-1008<br><br>Attorneys for Plaintiffs |

3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,       Plaintiffs,  v.  BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,       Defendants. | Case No. 3:11-cv-00803 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 6 – Any Evidence Concerning All Non-Wage Payments Made To Plaintiffs, Including Moving Expenses, Living Allowances, Travel Allowances, Or Per Diem Payments Paid to Plaintiffs Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                                                            s/Douglas M. Werman
                                                            One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs