IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 7**

**ANY ARGUMENT THAT PLAINTIFFS WERE "WELL-COMPENSATED" OR THAT THE REGULAR HOURLY RATE THEY WERE PAID RENDERS THEM INELIGIBLE FOR OVERTIME COMPENSATION SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to exclude any argument or statements of counsel suggesting that Plaintiffs were "well-compensated," or that the amount Plaintiffs were paid renders them undeserving or ineligible for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*

Although the FLSA has been the law of the United States since 1938, where that law is tested at trial, its interpretation, and thus its enforcement, lies in the hands of a jury, a cross-section of American society. In the current economic climate, with stagnated wages and immense unemployment (which is particularly bad in this judicial district), it would be easy for defendant-employers, like Shaw Energy & Chemicals, Inc. ("Shaw") and Bay Industrial Safety Services, Inc. ("Bay") to exploit that sense of economic desperation and argue that the jobs held

by Plaintiffs are far better than no job at all and/or that the Plaintiffs earned above-average hourly rates of pay, and therefore they do not *deserve* overtime compensation, no matter what the law says. Based on statements made by counsel for Shaw in depositions and in Court filings, Plaintiffs suspect that at trial, Defendants will argue that Plaintiffs' hourly rate of pay renders them undeserving or unentitled to overtime pay under the FLSA and the IMWL:

- *See* Deposition of Teddy Marrero, 124:15-21, attached hereto as Exhibit A ("Q. For 47.30 an hour? Mr. Werman: Objection, argumentative. Ms. Michelsen: I'm looking for a job like this. Mr. Werman: You make more than that. Ms. Michelsen: I know I don't. These guys actually make more than me, so. I'm being honest.");

- *See* Deposition of Justin Attaway, 202:22-203:4, attached hereto as Exhibit B ("Q. You made $130,000. A. A hundred what? Q. $130,000. You don't think that was a lot of money? Mr. Werman: Objection, argumentative. Ms. Michelsen: Q. Well, he suggested that. I just want to see what he thinks is a lot of money.")

- *See* Deposition of William Rivera, 78:8-10, attached hereto as Exhibit C ("Q. Okay. Do you have any friends or neighbors that make less than $47 an hour? A. I'm sure I do.")

Accordingly, Plaintiffs seek to preclude Shaw from leading jurors away from the correct legal standard by arguing or implying that Plaintiffs are ineligible for or undeserving of overtime compensation based on their hourly rates or as employees who are already "well-compensated" in comparison to so many others, including the likely jury pool in this case. *See Jewell Ridge Coal Corp. v. United Mineworkers of Am.,* 325 U.S. 161, 167 (1945)("Employees are not to be deprived of the benefits of the Act simply because they are well paid."). The FLSA requires *every* employee be paid overtime pay for hours worked in excess of forty hours during a seven-day workweek *unless* an exemption applies. 29 U.S.C. §207(a)(1). And the amount Plaintiffs were paid per hour is not relevant to a determination of Plaintiffs' exempt status under the FLSA or the IMWL. The statutory exemptions, including the FLSA's "highly compensated employee" exemption, are only applicable to employees who are paid on a *salary* basis and who meet the

job duties requirements described in the applicable regulations.  29 CFR §§ 541.100, 541.200, 541.300, 541.601.  Because Defendants paid Plaintiffs on an *hourly basis*, the amount Plaintiffs made per hour or the total amount Plaintiffs were paid for their work is not relevant to a determination of their exempt status, and evidence concerning these totals should be excluded under Fed.R.Evid. 401 and 402.

    Additionally, permitting Defendants to argue that Plaintiffs were well-paid or highly compensated may mislead the jury into believing that Plaintiffs' hourly rate or total compensation is probative of Defendants' liability. This confusion could substantially prejudice Plaintiffs, since the jury may be less inclined to award owed overtime wages to Plaintiffs who are paid high hourly rates during this economic recession. Such arguments or statements of counsel should therefore be excluded under Fed.R.Evid. 403.

    Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>        Plaintiffs,<br><br>        v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>        Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 7 – Any Argument That Plaintiffs Were "Well-Compensated" Or That The Regular Hourly Rate They Were Paid Renders Them Ineligible For Overtime Compensation Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                                                                s/Douglas M. Werman
                                                                 One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs