IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES  )<br>MARTIN FUENTES, WILLIAM RIVERA,  )<br>TEDDY MARRERO, and VICTOR E.  )<br>ALONSO AGUIRRE,  )<br>  )<br>            Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>BAY INDUSTRIAL SAFETY  )<br>SERVICES, INC., SHAW ENERGY &  )<br>CHEMICALS, INC., JENNIE RICH, and  )<br>WILLIAM GLENN PARKER,  )<br>  )<br>            Defendants.  )  | Case No. 3:11-cv-00803 |

**PLAINTIFFS' MOTION IN LIMINE NO. 8 –**

**ANY ARGUMENT OR EVIDENCE REGARDING CERTAIN CRIMINAL HISTORY SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to exclude all evidence, testimony, or statements of counsel concerning the following: (1) Plaintiffs' criminal convictions where more than ten years has passed since the time of conviction or release from confinement; (2) Plaintiffs' prior arrests; and (3) Plaintiff Justin Attaway's criminal conviction of August 6, 2004 in Crawford County, Illinois, for possession of 5<15 grams of methamphetamine, as well as his conviction of January 8, 2014 in Clark County, Illinois, for possession of methamphetamine <5 grams.

    **A.**    **Applicable Legal Standard**

Evidence of convictions is inadmissible for impeachment purposes if more than ten years has elapsed since the date of the conviction or the witness's release from confinement imposed for that conviction, unless the Court determines that the probative value of the conviction substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b). The Seventh Circuit has held that impeachment by a conviction older than ten years should be permitted

only in "rare and exceptional circumstances." *U.S. v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008) citing *U.S. v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003)("[T]he legislative history leading to the enactment of Rule 609 indicates that 'it is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'")(citations omitted).

For a conviction less than ten years old, this balancing test is flipped. If the crime was punishable by imprisonment in excess of one year, evidence of the conviction is admissible if the Court determines that the evidence's probative value outweighs its prejudicial effect. Fed.R.Evid. 609(a). A witness's arrest, absent an accompanying conviction, however, is generally inadmissible. *See* Fed.R.Evid. 609; *Barber v. City of Chicago,* 725 F.3d 702, 709 (7th Cir. 2013)("The well-established, general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges."); *Blackwell v. Kalinowksi,* No 08 C 7257, 2011 WL 1557542, at *3 (N.D. Ill. Apr. 25, 2011); *U.S. v. Sanchez*, No. 07 CR 0149, 2009 WL 5166230, at *9 (N.D. Ill. Dec. 22, 2009).

**B.     The Court Should Bar Evidence of Criminal History**

**1.     Convictions Older Than 10 Years**

Any criminal conviction older than ten years is not relevant to whether Plaintiffs were entitled to overtime pay during their employment under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Parties have already stipulated to the hours Plaintiffs worked and wages Plaintiffs were paid by Defendants. ECF Nos. 70 and 74.   Plaintiffs' testimony regarding their job duties while working for Defendants is not a "rare and exceptional circumstance" warranting the introduction of convictions older than ten years to impeach Plaintiffs' credibility.

### 2. Arrests That Did Not Result In A Conviction

Defendants should be barred from any examination of Plaintiffs regarding arrests that did not result in a conviction. Such examination or comments to the jury would unfairly prejudice Plaintiffs by forcing them to defend against crimes for which they were not convicted. The Seventh Circuit has long recognized that the probative value of prior arrests, accusations, or charges "[I]s so overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury against the party-witness that total and complete exclusion is required." *Barber*, 725 F.3d at 709, citing *U.S. v. Ditts,* 501 F.2d 531 n. 14 (7th Cir. 1974). Since Plaintiffs' prior arrests are irrelevant to the work they performed for Defendants, permitting Defendants to elicit testimony on that topic would only waste the Court's time.

### 3. Plaintiff Attaway's Prior and Subsequent Drug Convictions

Finally, Plaintiff Attaway's drug convictions are not relevant to a determination of the job duties he performed while working for Defendants or the way Defendants paid him during his employment. Mr. Attaway's August 6, 2004 conviction happened nearly 6 years before he became employed by Defendants in May 2010. Mr. Attaway's January 8, 2014 conviction stems from incidents that occurred after Mr. Attaway's employment with Defendants had ended. Those convictions cannot bear in any way on whether Mr. Attaway is owed unpaid overtime pay under the FLSA and the IMWL.

Nor is Mr. Attaway's drug conviction indicative of his credibility as a witness. *U.S. v. Spano*, 421 F.3d 599, 606 (7th Cir. 2005)("It is improper to impeach a witness by presenting evidence that he has engaged in criminal or otherwise illegal or socially reprobated behavior unless the evidence undermines the credibility of his testimony beyond whatever undermining would be accomplished just by besmirching the witness's character.")(citations omitted); *U.S. v. Robinson*, 956 F.2d 1388, 1397 (7th Cir. 1992)(Cross-examination about a witness' illegal drug use is prohibited when used "for the sole purpose of making a general

character attack" and is allowable only if the witness' memory or mental capacity are "legitimately at issue.") citing *U.S. v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). Thus, permitting Defendants to elicit testimony regarding Plaintiff Attaway's drug convictions would only result in undue prejudice and the introduction of an irrelevant issue.

**C.    CONCLUSION**

For these reasons, Plaintiffs ask that all evidence, testimony, or statements of counsel concerning Plaintiffs' criminal convictions older than ten years, Plaintiffs' prior arrests, and Plaintiff Justin Attaway's drug convictions of August 6, 2004 and January 8, 2014 be excluded pursuant to Fed.R.Evid 403 and 609(a).

Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 3:11-cv-00803 |
| v. | ) ) | |
| BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER, | ) ) ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 8 – Any Argument or Evidence Regarding Certain Criminal History Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com


                                                     s/Douglas M. Werman
                                                     One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs