IN IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>　　　　Defendants. | Case No. 3:11-cv-00803 |

PLAINTIFFS' MOTION IN LIMINE NO. 9

ANY EVIDENCE OR ARGUMENTS CONCERNING AFFIRMATIVE DEFENSES THAT DEFENDANTS HAVE NOT RAISED IN THE PLEADINGS SHOULD BE EXCLUDED AT TRIAL

Plaintiffs respectfully move this Court to exclude any evidence, argument or instruction concerning affirmative defenses that each individual Defendant has not already raised in the pleadings. Specifically, Plaintiff moves this court to bar Defendants Bay Industrial Safety Services, Inc. ("Bay"), Jennie Rich ("Rich"), and William Glenn Parker ("Parker")(collectively, "the Bay Defendants") from introducing any evidence, argument or instruction concerning the affirmative defense of good faith.

In their Amended Answer to Plaintiff's Third Amended Complaint, the Bay Defendants pleaded two affirmative defenses – failure to state a claim upon which relief can be granted, and entitlement to an offset.  The Bay Defendants did not plead the affirmative defense of good faith.  Once the availability of an affirmative defense is reasonably apparent, however, a defendant must alert the parties and the court of its intent to pursue the defense, or risk waiver. *Parker v. Madison County Reg'l Office of Educ.,* No. 10-132-DRH, 2012 WL 1964966, at *6 (S.D. Ill. May 31, 2012)(upholding this Court's denial of defendant's motion

for leave to amend to add affirmative defenses more than three months after summary judgment was denied) citing *Venters v. City of Delphi,* 123 F.3D 956, 967 (7th Cir. 1997). "A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Id.* (internal citations omitted). If the Bay Defendants acted in good faith with respect to Plaintiffs' compensation, there can be no valid explanation for their failure to include that affirmative defense in any of their Answers. *See Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002)(denying defendant's motion to amend its answer to include a new affirmative defense when defendant failed to act with diligence); *Venters,* 123 F.3d at 969 ("[I]f Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff."). And, given the late stage of this litigation, permitting the Bay Defendants to introduce argument, evidence, or instruction concerning the defense of good faith would undeniably prejudice Plaintiffs.

     Plaintiffs therefore ask that the Bay Defendants be barred from introducing any evidence, argument or instruction concerning an affirmative defense it has not already pleaded, and that the Court bar Defendants Bay, Rich and Parker, specifically, from introducing any evidence, argument or instruction concerning the affirmative defense of good faith.

                                                       Respectfully submitted,

February 18, 2014                           s/ Douglas M. Werman
                                                       DOUGLAS M. WERMAN
                                                       MAUREEN A. SALAS
                                                       SARAH J. ARENDT
                                                       Werman Salas P.C.
                                                       77 W. Washington Street, Suite 1402
                                                       Chicago, IL 60602
                                                       312-419-1008

                                                       Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>        Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>        Defendants. | Case No. 3:11-cv-00803 |

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 9 – Any Evidence Or Arguments Concerning Affirmative Defenses That Defendants Have Not Raised In The Pleadings Should Be Excluded At Trial** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                                                    s/Douglas M. Werman
                                                    One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

3