IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>    Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 10**

**ANY EVIDENCE OF DEFENDANTS BAY INDUSTRIAL SAFETY SERVICES, INC., JENNIE RICH, AND WILLIAM GLENN PARKER'S FINANCIAL CONDITION SHOULD BE EXCLUDED**

  Plaintiffs respectfully move this Court to exclude any evidence or statements of counsel concerning the current financial standing of Defendants Bay Industrial Safety Services, Inc., Jennie Rich, and William Glenn Parker (the "Bay Defendants") with regard to the Bay Defendants' ability to pay a judgment.

  Evidence of the Bay Defendants' current financial standing is not relevant to a determination of Defendants' liability for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* Nor is such evidence relevant to an award of compensatory liquidated damages. *Geddes v. United Fin. Group.,* 559 F.2d 557, 560 (9th Cir. 1977) ("It has been widely held … that the financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded.") (cases cited).

Evidence and statements of counsel concerning the Bay Defendants' financial standing should therefore be excluded for purposes of showing the Bay Defendants' ability to pay a judgment against them pursuant to Fed.R.Evid. 401 and 402.

Additionally, introduction of evidence concerning the Bay Defendants' financial situation and potential inability to pay a judgment issued against them would cause substantial prejudice to Plaintiffs under Fed.R.Evid. 403, since the jury may be less willing to find in Plaintiffs' favor if it would bankrupt the Bay Defendants. *Geddes,* 559 F.2d at 560 ("[T]he ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial effect."); *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 387-88 (Granting plaintiffs' motion in limine to exclude financial evidence related to defendant's ability to pay damages). Plaintiffs therefore ask this Court to exclude evidence and statements of counsel regarding the Bay Defendants' financial situation because it is unduly prejudicial under Fed.R.Evid. 403.

          Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>          Plaintiffs,<br><br>     v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>          Defendants. | Case No. 3:11-cv-00803 |

**CERTIFICATE OF SERVICE**

     I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 10 – Any Evidence of Defendants Bay Industrial Safety Services, Inc., Jennie Rich, and William Glenn Parker's Financial Condition Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com

                                        s/Douglas M. Werman
                                        One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs