IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>        Plaintiffs,<br><br>v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:11-cv-00803<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION IN LIMINE NO. 12**

**ANY EVIDENCE OR ARGUMENT REGARDING INDUSTRY PRACTICE OF ALLEGED FAILURE TO PAY OVERTIME PAY SHOULD BE EXCLUDED**

Plaintiffs respectfully move this Court to exclude any evidence or argument regarding industry practice, including the methods of compensation or the hours Plaintiffs worked at any other jobs prior to or after Plaintiffs' employment by Defendants. Plaintiffs also seek to exclude all evidence or argument concerning whether Defendants' compensation and work scheduling practices were commensurate with common oil and gas industry practice.

Whether Defendants paid Plaintiffs on a salary basis, and thus, whether Plaintiffs are exempt employees, turns on the specific circumstances of *Defendants'* compensation system and Plaintiffs' employment; not the compensation system of different companies. 29 C.F.R. § 541.2 ("The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations.") This individualized inquiry renders evidence of industry custom impermissible at trial. *See Alvarado*

*v. Corp. Cleaning Serv., Inc.*, No. 07 C 6361, 2011 WL 2135057, at *3 (N.D. Ill. May 27, 2011) (evidence of industry custom concerning compensation scheme is inadmissible for any purpose); *Wajcman v. Inv. Corp. of Palm Beach,* Case No. 07-80912-Civ, 2009 WL 465071, at *3 (S.D. Fla. Feb. 23, 2009 ) ("[I]f the Court were to permit the jury to consider evidence of how an industry's leaders and management customarily categorize and define their employees as a factor in determining whether that practice was legal, it would, in essence, be allowing the industry to dictate the legality of its own practices.").

The way that Plaintiffs were paid at different employers, or the schedules Plaintiffs worked at other projects is irrelevant to whether Defendants paid Plaintiffs on a salary basis during their employment at the Marathon refinery. The same is true for all other evidence regarding Plaintiffs' work in the oil and gas industry prior to or after their employment by Defendants. Thus, Plaintiffs ask that all evidence or argument concerning methods of compensation and hours Plaintiffs worked at other jobs, or any other evidence of industry practice be excluded under Fed. R. Evid. 401 and 402.

Respectfully submitted,

February 18, 2014

s/ Douglas M. Werman
DOUGLAS M. WERMAN
MAUREEN A. SALAS
SARAH J. ARENDT
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
312-419-1008

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>            Plaintiffs,<br><br>       v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>            Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

I hereby certify that on **February 18, 2014** I electronically filed the foregoing **Plaintiffs' Motion In Limine No. 12 – Any Evidence Or Argument Regarding Industry Practice Of Alleged Failure To Pay Overtime Pay Should Be Excluded** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
  jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Robert Doyle Wilson**
  rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com


                                                    s/Douglas M. Werman
                                                    One of Plaintiff's Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiffs

3