UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>    Defendants. | Case No. 3:11-cv-00803 |

**PLAINTIFFS' AND DEFENDANT BAY INDUSTRIAL SAFETY SERVICES, INC.'S JOINT MOTION FOR ENTRY OF CONFESSION OF JUDGMENT**

Plaintiffs Justin Attaway, Sam Fuentes, Martin Fuentes, William Rivera, and Teddy Marrero (collectively "Plaintiffs") and Defendant Bay Industrial Safety Services, Inc. (hereafter "Bay"), request that the Court (1) enter the Confession of Judgment against Defendant Bay, only, on the terms provided for in the Confession of Judgment, attached hereto as Exhibit A; and (2) dismiss with prejudice Plaintiffs' claims against Defendants Jennie Rich and William Glenn Parker.[1] Plaintiffs and Defendant Bay otherwise state that the case should remain on the Court's trial calendar for April 7, 2014. In support of this joint motion, Plaintiffs and Defendant Bay state as follows:

1. Defendant Bay has agreed to a Confession of Judgment in Plaintiffs' favor and against Defendant Bay, only, on liability.

---

[1] Plaintiff Victor Alonso settled his claims against all Defendants and is not a party to the Confession of Judgment.

2. Defendant Bay consents to the Confession of Judgment without trial and waives any appeal if the Confession of Judgment is entered as submitted by the Parties.

3. Defendant Bay has also agreed to certain factual stipulations to support the Confession of Judgment. See Exhibit A, Confession of Judgment.

4. Defendant Bay, by agreeing to the Confession of Judgment, admits the allegations of the Third Amended Complaint. ECF No. 77.

5. Plaintiffs expressly reserve their right to pursue all claims pleaded in the Third Amended Complaint against Defendant Bay's co-Defendant Shaw Energy & Chemicals, Inc. (hereafter "Shaw"), and neither Plaintiffs nor Defendant Bay intend the Confession of Judgment to bar Plaintiffs from obtaining a judgment against Defendant Shaw as Plaintiffs' employer or joint employer under the Fair Labor Standards Act and/or Illinois Minimum Wage Law.

6. The provisions of the Confession of Judgment shall not in any way affect, determine, or prejudice any and all legal rights of Plaintiffs to continue their claims against Defendant Shaw.

7. The entry of the Confession of Judgment will terminate this case as to Defendants Jennie Rich and William Glenn Parker, only. Plaintiffs' claims against Defendants Rich and Parker are dismissed with prejudice.

8. The determination of damages, i.e., the amount of overtime pay, liquidated damages, and interest owed by Defendant Bay to Plaintiffs, is postponed until after Defendant Shaw's liability on Plaintiffs' FLSA and IMWL claims is resolved.

9. With respect to Count I of Plaintiffs' Third Amended Complaint, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §207, Defendant Bay confesses to judgment in favor of:

      a. Plaintiff Justin Attaway and against Bay Industrial Safety Services, Inc.;

      b. Plaintiff Sam Fuentes and against Bay Industrial Safety Services, Inc.;

      c. Plaintiff Martin Fuentes and against Bay Industrial Safety Services, Inc.;

      d. Plaintiff William Rivera and against Bay Industrial Safety Services, Inc.;

      e. Plaintiff Teddy Marrero and against Bay Industrial Safety Services, Inc.

10. With respect to Count II of Plaintiffs' Third Amended Complaint, alleging a violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.*, Defendant Bay confesses to judgment in favor of:

      a. Plaintiff Justin Attaway and against Bay Industrial Safety Services, Inc.;

      b. Plaintiff Sam Fuentes and against Bay Industrial Safety Services, Inc.;

      c. Plaintiff Martin Fuentes and against Bay Industrial Safety Services, Inc.;

      d. Plaintiff William Rivera and against Bay Industrial Safety Services, Inc.;

      e. Plaintiff Teddy Marrero and against Bay Industrial Safety Services, Inc.

11. Plaintiffs are prevailing parties for purposes of an award of attorneys' fees and costs.

WHEREFORE, Plaintiffs and Defendant Bay, only, ask the Court to enter Defendant Bay's confession of judgment on the docket, and dismiss with prejudice Plaintiffs' claims against Defendants Rich and Parker. This case otherwise should remain on the Court's trial calendar for April 7, 2014.

Respectfully Submitted,

| | |
|---|---|
| On behalf of Plaintiffs: | On behalf of Defendants Bay Industrial Safety Services, Inc., Jennie Rich and William Glenn Parker: |
| s/Douglas M. Werman<br>Douglas M. Werman<br>Maureen A. Salas<br>Sarah J. Arendt<br>77 W. Washington Street, Suite 1402<br>Chicago, IL  60602<br>(312) 419-1008 | s/Robert D. Wilson (w/Consent)<br>Robert D. Wilson<br>Law Offices of Robert D. Wilson, PC<br>Lawyers Title Insurance Corporation<br>18111 Preston Road, Suite 150<br>Dallas, Texas 75252<br>(214) 637-8866 |