**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JUSTIN ATTAWAY, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | **Case No. 3:11-cv-803** |
| v. | ] | |
| | ] | |
| BAY INDUSTRIAL SAFETY | ] | |
| SERVICES, INC., et al., | ] | |
| | ] | |
| Defendants. | ] | |
| _____ | ] | |

**PLAINTIFFS' BRIEF ON WINDOW OF CORRECTION ISSUES**

As discussed at the recent hearing, Plaintiffs submit this brief on issues related to Shaw's proposed "window of correction" defense with the parties. First, can Shaw raise the window of correction defense in this case? Second, assuming Shaw can raise the window of correction, is applicability of the window of correction for the court or the jury?

**1.     Can Shaw Raise the Window of Correction Defense? (No).**

The "window of correction ... is an affirmative defense" to an FLSA claim. *See, e.g.,* *Saunders v. City of New York*, 594 F. Supp. 2d 346, 362 (S.D.N.Y. 2008).[1] Plaintiffs respectfully believe Shaw waived this defense by failing to raise it in its answer – which states only that "Plaintiffs are employees exempt from the overtime provisions of the FLSA." *See* Doc. 48, p. 16. This is insufficient to even raise any exemption defense, let alone the window of corrections portion

---

[1]     And it "may only be used after an employer has first demonstrated an intention to pay employees on a salary basis[.]" *Id.* (citing 29 U.S.C. § 207(a)(1); 29 C.F.R. § 541.602(a)(6)). It does not apply if the "plaintiffs are not salaried employees" but "rather ... are hourly employees covered by the overtime provisions of the FLSA." Id.

of one set of the exemptions.[2] But Plaintiffs accept the Court's determination that Shaw's pleadings were sufficient to raise the issue (in the absence of an earlier challenge by Plaintiffs).

Shaw is, nonetheless, precluded from raising a window of corrections defense because the window of correction is unavailable to an employer with a policy creating a significant likelihood of deductions or an actual practice of deductions. *See Whetsel v. Network Property Services, LLC,* 246 F.3d 897, 901–04 (7th Cir.2001); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 372 (7th Cir. 2005) ("If the employees can show that the deductions were not merely happenstance, but a routine practice or company policy, the employer may not rely on the margin of error tolerated by the regulation."); *Klein v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 990 F.2d 279, 288 (7th Cir. 1993) ("when salary deductions were made according to an employer's [express] policy, the employer may not claim the deductions were inadvertent …"). In other words, an employer cannot "use the window of correction to comply retroactively with the regulations and thereby obtain an exemption for a class of employees that it actually never paid on a salaried basis." *Klem v. Cnty. of Santa Clara, California*, 208 F.3d 1085, 1091 (9th Cir. 2000).[3]

Of course, Plaintiffs were hourly employees who were simply paid their hourly rates times the hours they worked. But even if Plaintiffs had been salaried (and they weren't), their pay would have been "docked" pursuant to Shaw's express policies.

---

[2]     *See, e.g., Hogue v. Gyarmathy & Associates, Inc*., No. 2:10–cv–195–FfM–36SPC, 2010 WL 2510663, at *2 (M.D.Fla. June 21, 2010) ("A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived."); *Morrison v. Executive Aircraft Refinishing, Inc*., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("Plaintiff contends that Defendants should be required to list the specific exemptions that they claim are applicable in this case. The Court agrees.").

[3]     Otherwise, employers could "cynically undertaking corporate policies which subject the salaries of their professional, managerial and administrative employees to reduction … knowing that the exempt status of the affected employees would be restored through reimbursement and promise to comply, if the employer is caught." *Pautlitz v. City of Naperville*, 781 F. Supp. 1368, 1373 (N.D. Ill. 1992)

For example, Construction Manager Blake Dufrene issued the following directive for the week ending February 6, 2011:

Guidelines to filling out your timesheet:

Bay Safety Employees:

- If you showed up to the jobsite and then went home, you are able to charge two hours show up to "Office Closed" pay type.  But if you able worked all day then charge your normal project codes.
- If you didn't work at all on either Tuesday or Wednesday, then charge **NO** time for those two days to the Project.

*See* Exhibit A, 2/4/2011 Email from Blake Dufrene. And during that week, Justin Attaway worked 2 hours on 2/1, 2/2, and 2/5/2011 and 10 hours on 1/31, 2/3, and 2/4/2011 (36 hours over 6 work days):

| Pay Type | S R<br>H C | Mon<br>01/31 | Tue<br>02/01 | Wed<br>02/02 | Thu<br>02/03 | Fri<br>02/04 | Sat<br>02/05 | Sun<br>02/06 | Hours<br>Total |
|---|---|---|---|---|---|---|---|---|---|
| D Ctr Reglar | N 3 | 5.50 | 1.00 | 1.00 | 5.50 | 5.50 | 1.00 | | 19.50 |
| D Ctr Reglar | N 3 | 4.50 | 1.00 | 1.00 | 4.50 | 4.50 | 1.00 | | 16.50 |
| Totals: | | 10.00 | 2.00 | 2.00 | 10.00 | 10.00 | 2.00 | | 36.00 |

*See* Exhibit B, Attaway Timesheet. Blake Dufrene approved Attaway's timesheet (*id.*), knowing this meant Attaway would be paid for 36 hours that week:

> Q.   And, again, you knew when you were signing on their timesheets that that's how
>
>        many hours they were going to get paid for, right?
>
> A.   Correct.
>
> Q.   And you knew that from the beginning of their employment, right?
>
> A.   Correct

*See* Exhibit C, Dufrene Depo, at 136:11-17. And, unsurprisingly, Attaway was paid for 36 hours times his hourly rate:

| Employee | | | | |
|---|---|---|---|---|
| Justin M Attaway. 10253 E  500th Ave . Robinson, IL 62454 | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly | 36:00 | 41 25 | 1,485 00 | 11,591 25 |

*See* Exhibit D. This is more than sufficient to demonstrate an "actual practice" of deductions (had Plaintiffs been salaried in the first place). *Ergo v. Int'l Merch. Servs., Inc*., 519 F. Supp. 2d 765, 771 (N.D. Ill. 2007).

As another example, Shaw knew Plaintiffs "were not going to get paid for the holidays" unless they worked (and then only for the hours they actually worked). *See, e.g.,* Exhibit C, Dufrene Depo at 134:8-135:6. Shaw also knew Plaintiffs could not work on several holidays because the job site would be closed. *See* Doc. 111-4, Speicher "Affidavit," p. 4, ¶ 16. And consistent with Shaw's plan – but inconsistent with the salary basis test - Plaintiffs were not paid for those holidays. *See, e.g.,* Exhibit E; *Opinion Letter Fair Labor Standards Act (FLSA)*, 1999 WL 1002390 (Apr. 20, 1999) ("an employee will not be considered to be paid 'on a salary basis' if deductions are made from his or her predetermined compensation for unworked holidays. Such deductions are not permitted under the regulations."); *Opinion Letter Fair Labor Standards Act (FLSA), WH-157*, 1972 WL 34900 (Feb. 22, 1972) ("deduction … for not working a holiday is not a type of deduction permitted by Regulations").

Again, Plaintiffs pay was never "docked" – they were simply paid for the number of hours they worked times their hourly rate (as Shaw's Construction Manager expected). *See* Dufrene Depo., at 143:20-144:9. Thus, there are no "deductions" from a salary to "reimburse." But even if Plaintiffs were salaried, Shaw's express policies and practices would have resulted in any alleged "salaries" Plaintiffs had being reduced. Shaw cannot rely on the window of corrections defense.

**2.      Application of the Window of Correction Defense is a Question for the Court.**

The question of whether a particular employee qualifies for exemption "is a question of law." *Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 869 (7th Cir. 2008). And it is particularly appropriate to treat questions under the window of correction aspect of the exemptions as ones of law. After all, the "salary basis test" provides "purely objective" standards for exemption. *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 965 (11th Cir. 1997). An employer's "subjective motivations" are irrelevant "to the inquiry of whether or not an employee was compensated on a salary basis." *Id.* "The question is not whether an employer has the subjective intention that its employees be exempt from the FLSA's overtime provisions." *Klem*, 208 F.3d at 1091.

Moreover, the relevant facts related to Shaw's alleged "deductions" are not in dispute. A factual question (appropriate for the jury) is one in which more than one possible outcome would be acceptable. But to let a jury decide, for example, whether an established number of deductions was isolated would be absurd. The only question is whether the known deductions are (or are not) "isolated." Accordingly, courts treat questions related to the applicability of the window of corrections as "a legal issue ripe at the summary judgment stage." *DiGiore v. Ryan*, 987 F. Supp. 1045, 1054 (N.D. Ill. 1997) aff'd, 172 F.3d 454 (7th Cir. 1999) overruled on other grounds by *Whetsel*, 246 F.3d at 903; *Cf. Elliott v. Flying J., Inc*, 243 F. App'x 509, 511 (11th Cir. 2007) (affirming trial court's grant of a *motion in limine* preventing jury from hearing evidence related to alleged improper deductions).

Date: March 21, 2014                Respectfully submitted,

                                    **/s/ Rex Burch**
                                    _____
                                    Richard J. (Rex) Burch
                                    **BRUCKNER BURCH PLLC**
                                    8 Greenway Plaza, Suite 1500
                                    Houston, Texas 77046
                                    Telephone: (713) 877-8788
                                    Telecopier: (713) 877-8065
                                    rburch@brucknerburch.com

### CERTFICATE OF SERVICE

I served this document via the Court's ECF system on March 21, 2014.

                                    **/s/ Rex Burch**
                                    _____
                                    Richard J. (Rex) Burch

6