IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 11–cv–0803–SCW |
| ) | |
| BAY INDUSTRIAL SAFETY SERVICES ) | |
| INC., SHAW ENERGY & CHEMICALS ) | |
| INC., JENNIE RICH and WILLIAM ) | |
| GLENN PARKER ) | |
| | |
| Defendants. | |

# ORDER

**WILLIAMS, Magistrate Judge:**

On March 19, 2014, a motion hearing was held in the above-captioned case. Appearing at the hearing: Douglas Werman, Richard J. Burch, and Sarah Arendt for Plaintiffs, Robert Wilson for Defendant Bay Industrial Safety Services, Inc., and Jan Michelsen and Todd Nierman for Defendant Shaw Energy & Chemicals, Inc. This order summarizes the hearing, as well as the Court's ruling on the motions in limine. More detailed reasons for the rulings can be found on the hearing transcript.

As an initial matter, the Court will allow one additional deposition of Defendant Rich. The focus should be on her prior testimony and what caused it to change, with particular emphasis on any settlement negotiations. The parties may also explore the circumstances surrounding the affidavit Rich signed in support of Defendants' Motion for Summary Judgment. The deposition shall be scheduled prior to trial and shall not exceed four (4) hours. Defendant Shaw shall have two hours for questioning, and then Plaintiffs shall have two hours for questioning.

Defendant Shaw orally objected at the hearing to the pending Motion to Dismiss (Doc. 126), filed by Plaintiffs and seeking to dismiss Defendants Bay, Rich, and Parker. The Court will allow Plaintiffs to dismiss the Defendants after the deposition of Ms. Rich, but will keep these defendants

in the case until that time. The Court finds that Defendant Shaw is not prejudiced by Plaintiff's dismissal of these defendants. The parties shall notify the Court when Ms. Rich's deposition has occurred.

The Court ruled on the following motions in limine:

### Plaintiffs' Motion #1 (Doc. 167) — Granted in part

The Court will permit testimony about what the employment agreements were and what happened, but no argument that Plaintiffs agreed to allow Defendant Shaw to violate the law will be permitted, nor will the Court allow evidence that Plaintiff's expected not to earn overtime. The Court will consider the issue of a limiting instruction at trial, if necessary.

### Plaintiffs' Motion #2 (Doc. 168) — Granted in part and denied in part.

No argument that the Plaintiffs' job titles alone means that they were exempt will be permitted. However, in conjunction with all other circumstances, the job title can be considered. The fact of the job title will be admitted into evidence. The Court will consider the issue of a limiting instruction at trial, if necessary.

### Plaintiffs' Motion #3 (Doc. 169) — Moot.

As Defendant Bay will not participate in trial, and this Motion in Limine goes only to them, the Motion is denied as moot. The Court is not prepared to rule on the safe harbor/window of correction affirmative defense generally at this time. Plaintiffs' oral motion to that effect is denied. Parties shall brief the issue. Plaintiffs shall submit a brief of no more than five pages no later than Friday, March 21, 2014. Defendant shall respond in five pages by Friday, March 28, 2014.

### Plaintiffs' Motion #4 (Doc. 170) — Granted

Any argument that the Defendant Shaw did not act willfully shall be excluded, as that relates to the good faith defense that is for the Court to decide. Additionally neither party shall be able to raise the issue of whether Plaintiffs complained about their method of payment.

### Plaintiffs' Motion #5 (Doc. 171) — Granted

The issues of how many hours Plaintiffs worked, how much overtime they are owed, and whether Defendant Shaw can meet its burden on its affirmative good faith defense are not before the jury.

**Plaintiffs' Motion #6 (Doc. 172) — Granted**

No evidence of any non-wage payments made to Plaintiffs, including moving expenses, living allowance, travel allowances, or per diem payments will be presented to the jury.

**Plaintiffs' Motion #7 (Doc. 173) — Granted**

Defense cannot argue that Plaintiffs' salaries alone bring them within the highly compensated exemption, or argue that Plaintiffs' salaries were larger than the average person's.

**Plaintiffs' Motion #8 (Doc. 174) — Granted in part and denied in part**

Plaintiff Attaway has three convictions. The Court finds that, pursuant to Fed. R. Evid. 609, the three felony convictions are less than ten years old and therefore relevant to Attaway's credibility, subject to the balancing test of Fed. R. Evid. 403. Defendant Shaw can elicit the fact of the three felony convictions and the date of the convictions. Based on this ruling, Attaway has indicated that he will elicit the names of his convictions, which are meth related. Defense may therefore raise the issue as well.

**Plaintiffs' Motion #9 (Doc. 175) — Moot**

**Plaintiffs' Motion #10 (Doc. 176) — Granted**

No party shall raise the financial condition of any other party or witness, specifically including Bay Industrial, William Glenn Parker, or Jennie Rich.

**Plaintiffs' Motion #11 (Doc. 177) — Granted in part, denied in part**

This issue is governed by Fed. R. Evid. 608(b), which addresses impeachment with specific examples of conduct that bear on the truthfulness of the witness. Defendant shall be permitted to ask Plaintiff Attaway why he did not attend his deposition, but they must accept his answer. They cannot use intrinsic evidence to prove that his answer is false or otherwise inject hearsay into the cross-examination. The Motion is granted except to the extent that cross-examination is permitted under the rule

**Plaintiffs' Motion #12 (Doc. 178) — Granted**

The Motion is granted as to trial, but the issue of industry practice may be considered on liquidated damages.

**Plaintiffs' Motion #13 (Doc. 179) — Withdrawn

**<u>Defendant's Motion #1 (Doc. 162)</u> — Granted in part and Denied in Part**

1. Evidence or testimony regarding any settlement negotiations in this case. This request is **granted in part**. However, with regards to Ms. Rich, there may be some discussion during cross examination regarding negotiations that had an impact on her bias. This ruling is without prejudice pending Ms. Rich's supplemental deposition. If the parties feel that it is necessary to elicit testimony regarding settlement negotiations, the stipulated judgment, or proposed confession of judgment to show bias, they must raise it ahead of time with the Court and the testimony will be subject to a limiting instruction that the testimony is only relevant to the issue of credibility.
2. The request is **granted**. No party shall be able to make any statement, elicit any testimony or otherwise make any arguments about the financial condition of any party or the costs incurred from participating in this lawsuit.
3. The request is **granted**. No demonstrative exhibits shall be permitted unless first tendered to all parties and the Court outside the presence of the jury. This applies to all parties
4. The request is **granted**, until such time as Plaintiff has shown that such witness is unavailable, at which time the Court will take it up outside of the presence of the jury
5. The request is **granted** as to closing arguments. However, it is permissible to explain what a witness is expected to testify to during opening statements.
6. The request is **denied**.
7. The request is **granted** and all parties shall refrain from any mention of the refusal of any other party to enter into a stipulation.
8. The request is **denied**. The objection is based on relevance, and as such, is overbroad.
9. The request is **granted** and applies to all parties. No party shall use documentary evidence that has not been previously produced in discovery.

10. The request is **granted** and applies to all parties.  No party shall reference the size or attributes of any law firm appearing in this case.

11. The request is **granted** and applies to all parties.  No party shall reference insurance coverage.

12. The request is **denied** as overbroad and premature.  This addresses relevance and would be better taken up at trial.

13. The request is **granted**.  Plaintiffs cannot raise their own opinions about whether the Defendants violated the FLSA.   However, should the Defendants open the door through cross-examination, Plaintiffs can request the Court reconsider.  If the door is opened, a limiting instruction will be given.  A lay opinion that says the conduct is unlawful will be excluded.

14. The request is **granted**, and applies to all parties.  No party shall reference or compare the relative wealth of any other party.

15. The request is **denied.**

### Defendant's Motion #2 (Doc. 163) — Denied without prejudice

Shaw cannot prohibit the use of the word "employer" generally.  The parties are allowed to use that word consistent with its common meaning.  It is for the jury to decide whether Shaw is an "employer" under the FLSA.  Further limiting instructions may be considered during trial.

### Defendant's Motion #3 (Doc. 165) — Denied without prejudice

The Court will not enter a blanket order requiring that each piece of evidence be limited to certain Plaintiffs only.  The Court anticipates that some testimony will be relevant to every Plaintiff, and that the Plaintiffs will likely testify about some matters that apply only to them as individuals.   The Court may take this up again at trial if it is clear that a specific line of testimony is relevant only to a particular Plaintiff's claim, and may issue an instruction at that time.

### Defendant's Motion #4 (Doc. 164) — Denied

Plaintiff shall be permitted to put on their case first.

### Defendant's Motion #5(Doc. 166) — Granted

No party shall make reference to any Department of Labor pronouncements on issues in this case.

**IT IS SO ORDERED.**

**DATE: March 21, 2014**                              /s/ *Stephen C. Williams*
                                                                  **STEPHEN C. WILLIAMS**
                                                                  United States Magistrate Judge