IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, et al.,  ] | |
| ] | |
| Plaintiffs,  ] | |
| ] | **Case No. 3:11-cv-803** |
| v.  ] | |
| ] | |
| BAY INDUSTRIAL SAFETY  ] | |
| SERVICES, INC., et al.,  ] | |
| ] | |
| Defendants.  ] | |
| _____  ] | |

**PLAINTIFFS' BRIEF ON SIMPLIFYING JURY ISSUES**

At the March 19, 2014 pre-trial conference, the Court suggested the Parties consider ways to limit and simplify the issues for the jury, including limiting Shaw's affirmative burden of proof on its claimed white collar exemptions to the issue of "hourly v. salaried." By limiting Shaw's exemption defenses[1] in this fashion, Shaw would be relieved of its burden to prove by a preponderance of the evidence that Plaintiffs' job duties satisfied one or more of the white collar exemptions pleaded by Shaw. *Bankston v. State of Ill.*, 60 F.3d 1249, 1252-53 (7th Cir. 1995) (in addition to proving employees were salaried, employer must also show the employees job duties qualified them for exemption).

---

[1] The only exemptions relied upon Shaw in this matter are those authorized by 29 U.S.C. § 213(a)(1).

1

Plaintiffs' counsel's primary concern with removing all consideration of Plaintiffs' job duties, however, is that it fails to account for the "blue collar v. white collar" distinction expressly mandated by the governing regulations. As Plaintiffs explained at the March 19, 2014 pre-trial conference, the current federal "white collar" exemptions set forth in 29 C.F.R. 541 *et seq*. explicitly spell out that "blue collar" workers are not subject to the overtime exemptions. 29 C.F.R. 541.3(a). The United States Department of Labor's final rules guarantee the overtime rights of "blue collar" workers – including carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and non-management production-line employees – like Plaintiffs. *Id.*

The administrative, executive, and highly paid employee exemptions Shaw relies on apply "only to 'white collar' employees who meet the salary and duties tests set forth in the Part 541 regulations."[2] U.S. Department of Labor, Wage & Hour Division, *Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA).*[3] "Blue collar" workers, on the other hand, are expressly excluded from the 541 exemptions, and the highly compensated exemption in particular. 29 C.F.R. § 541.3(a) ("blue collar … non-management production-line employees and non-management employees in maintenance, construction and similar occupations" are outside the scope of the 541 exemptions) and § 541.601(d) ("non-management production-line workers and non-management employees … are not exempt … no matter how highly paid they might be").

---

[2] Plaintiffs' IMWL claims are governed by the prior version of the 541 regulations, 820 ILCS 105/4a(2)(E), but this distinction is not material for the purposes of this discussion.

[3] Available at: http://www.dol.gov/whd/regs/compliance/fairpay/fs17a_overview.htm

Thus, absent a threshold showing that Plaintiffs are not "blue collar" workers, the jury need not consider the white collar exemptions and Plaintiffs' job duties.  In an effort to streamline the trial, therefore, Plaintiffs suggest that the jury first be instructed on the law, and then asked the following questions in the first three special interrogatories:

1. Was Shaw a joint employer of Plaintiffs?

2. Were Plaintiffs paid on an hourly or salary basis?

3. Were Plaintiffs "blue collar" workers within the meaning of 29 C.F.R. § 541.3 & § 541.60(d).

Plaintiffs' proposed "blue collar" jury instruction and special interrogatory on blue collar workers are attached hereto as Exhibit A.

Proceeding on this basis will greatly simplify the work of the jury because the answers to any of those three questions potentially ends the jury's deliberations, without the need to consider Plaintiffs' job duties for purposes of the white collar exemptions pleaded by Shaw. Rather, the jury need only consider job duties *if* it concludes that Plaintiffs were paid on a salary basis (and not an hourly basis) and only *if* Plaintiffs did not work in "blue collar" job positions as defined in the regulations.  See, e.g., *Bullard v. Babcock & Wilcox Technical Servs. Pantex, L.L.C.*, CIV.A. 2:07-CV-049-J, 2009 WL 1704251 (N.D. Tex. June 17, 2009) *vacated sub nom. Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x 324 (5th Cir. 2011) (Fire Lieutenants' regular duties include fire extinguisher checks on a consistent basis, where the Lieutenant usually carries a clipboard list of extinguishers to check, marking off those extinguishers as they are checked. This is hardly the type of job duties that are exempt pursuant to any of the section 13(a)(1) exemptions and the regulations, which "do not apply to manual laborers or other 'blue collar' workers who perform work involving repetitive operations with their hands, physical skill and energy.")

For the foregoing reasons, Plaintiffs respectfully suggest the Court instruct the jury on the applicable "blue collar" worker regulation and provide the jury special interrogatories that first ask the jury to answer questions relating to: (1) joint employment; (2) hourly v. salaried; and (3) white collar v. blue collar.

Date: March 24, 2014                         Respectfully submitted,

**/s/ Douglas M. Werman**
_____
Douglas M. Werman
**WERMAN SALAS PC**
77 W. Washington, Suite 1402
Chicago, Il. 60602
Telephone (312) 419-1008
dwerman@flsalaw.com


Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
rburch@brucknerburch.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN ATTAWAY, SAM FUENTES, MARTIN FUENTES, WILLIAM RIVERA, TEDDY MARRERO, and VICTOR E. ALONSO AGUIRRE,<br><br>   Plaintiffs,<br><br> v.<br><br>BAY INDUSTRIAL SAFETY SERVICES, INC., SHAW ENERGY & CHEMICALS, INC., JENNIE RICH, and WILLIAM GLENN PARKER,<br><br>   Defendants. | Case No. 3:11-cv-00803 |

## CERTIFICATE OF SERVICE

  I hereby certify that on **March 24, 2014** I electronically filed the foregoing **Plaintiffs' Brief on Simplifying Jury Issues** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

- **Jan Michelsen**
jan.michelsen@ogletreedeakins.com,amy.bennett@ogletreedeakins.com

- **Todd M. Nierman**
todd.nierman@ogletreedeakins.com

- **Robert Doyle Wilson**
rwilson@wilsonlawtexas.com,mthomas@wilsonlawtexas.com


                <u>s/Douglas M. Werman</u>
                One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Richard J. (Rex) Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788

Attorneys for Plaintiffs